## J. H. NORTON v. THE STATE.

1. LOCAL OPTION LAW. *Indictment. Must allege, what.*

An indictment under the "Local Option" Act, approved March 11th, 1886, must allege that an election has been held, and the result thereof, in the county where such indictment is found, and on the trial such facts must be proven, to authorize a conviction.

2. SAME. *Indictment bad thereunder, but good under general statutes. Effect.*

And a conviction cannot be had on an indictment for illicitly retailing liquors, sufficient under the general laws of the State relating to the subject, if it be shown on the trial that the Local Option Act was in force, and the general laws suspended by virtue of an election held under such act, in the jurisdiction in which such indictment was found, at the time the offence was committed.

3. SAME. *Indictment for second offence. Fact to be alleged.*

An indictment for a second offence, under a statute prescribing a greater penalty for the second than for the first of such offences, must allege that the offence is the second one, in order to warrant a judgment imposing the greater penalty. *Semble:* That the *second* offence contemplated by such statute is one occurring after, and not before, conviction for the first offence.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

The case is sufficiently stated in the opinion of the Court.

*H. C. Conn,* for the appellant.

1. The omission in the indictment before us is an allegation that an election was held, etc. If this statute unconditionally

prohibited the sale, this indictment would be free from objection ; but it only prohibits after an election has been held. The election and its results are facts entering into and forming the very basis on which the prosecution must proceed. Under the license law, it has always been held that the indictment must contain an allegation to negative that the sale was under a license. Here the indictment has omitted a fact as important and as necessary, and is a nullity. The Local Option Act abrogated all other laws on this subject, and the prosecution must conform to this law. A prosecution under any other law will not uphold a sentence under this, as the punishment is different. 1st Bishop on Criminal Procedure, sec. 135.

2. A new trial should be granted because the State failed to prove that an election had been held in Copiah under the Local Option law and its result. The defendant did show on the motion for a new trial that such election had been held by introducing the record in the other case where the proof was made which showed that by such election all other laws in reference to the sale of liquors was repealed. An election is not a thing of which the court can take judicial cognizance, particularly one which may or may not be held at the option of the people and at any time they may choose. The act itself provides for. the manner of proving this. See Section 4, p. 39, Laws 1886.

3. A new trial should be granted because the record fails anywhere before the verdict or motion for a new trial to show whether this is the first, second or third or other offence. Each of these have a different penalty attached and are to that extent different crimes.

I contend that a former conviction should have been alleged and proven, so that the defendant could be advised of the grade of the offence for which he was being tried. Besides, the court had no guide by which to fix the penalty without going outside of the record, and even after going outside of the record, the court erred by pronouncing the wrong sentence. The sentence is for a second offence, while the evidence on motion for new trial shows it to have been the first. The courts have construed a second offence to be one committed after a conviction for the first, not merely after it is committed. Bishop on Statutory Crimes, Section 240, last paragraph.

*T. M. Miller*, Attorney-General, for the State.

This was a conviction for the second offence of selling whiskey in Copiah county contrary to the provisions of the Local Option Act of 1886. It seems to be settled that in an indictment for the second or subsequent sale, where the penalty is increased, the former offence must be alleged. I therefore submit to the court whether or not the judgment of the lower court should not be simply reduced to the sentence for the first offence.

Arnold, J., delivered the opinion of the Court.

Appellant was indicted and convicted of selling whiskey. The indictment charges that the sale was made " without any authority so to do, contrary to the form of the statute," etc. The general laws of the State prohibit all sales of vinous or spirituous liquor without license. The local option act, when put in force, abolishes the license system and makes all sales of alcoholic, vinous, spirituous or intoxicating liquor unlawful, with the exception or proviso that licensed druggists may sell or furnish pure alcohol for medicinal, scientific or mechanical purposes. The local option act prescribes penalties only for the violation of its provisions, and such penalties are greater than those for like acts under the general laws, and the penalty for the second offence is greater than for the first, and for the third offence greater than for the second, under the local option act. The general laws on the subject may be suspended or displaced for a specified time, in any county, by the local option act, whenever a majority of the legal voters of the county shall vote against the sale of liquor in the county, according to the provisions of the act. Appellant was sentenced for a second violation of the local option act. It is not charged in the indictment that it was the second offence, or that the local option act had gone into effect in Copiah County by virtue of an election, though the proof shows that it had. The indictment was good under the general laws of the State. *Trost* v. *The State*, 64 Miss., 188. Appellant might have been punished under it if the proof had not shown that the general laws had been suspended or superseded, for the time being, by the local

option act, and that the offence charged, if committed, was in fact an offence against the local option act, and not against the general laws.

Under the local option law, the indictment was insufficient, and no valid judgment could be based upon it. No punishment could be inflicted under the local option act until it is put in force by an election; and whether the act has been put into operation by the result of an election, held for that purpose in any county, is a matter of fact which must be charged in the indictment and proved on a trial for its violation. A report, showing the result of any election held under the local option act, is required to be made to the board of supervisors of the county, and recorded in their minutes; and how could any court, without proof, know the result of any such election any more than it could, in the absence of proof, know any other fact evidenced by the minutes of the board of supervisors? Without proof, the court could not take knowledge of such fact; and such proof could not be made unless the fact were alleged in the indictment. The result is that the State had a good indictment, but no proof under the general laws, and a bad indictment, but some proof under the local option law. In such a state of case the judgment rendered was erroneous.

The judgment of the court below was also erroneous, for the reason that it imposed upon appellant the penalty prescribed for the second offence under the local option act, when there was no allegation in the indictment as to its being such offence. The authorities say, without conflict, it is believed, that when a statute provides a heavier penalty for the second, or a subsequent offence, than for the first, and one is prosecuted for the first offence, the indictment need not charge it to be the first, for it will be presumed to be such. But if the prosecution is for the second or a subsequent offence, and the punishment is to be increased on that account, the fact thus relied on must be alleged in the indictment, because the indictment must always contain an averment of every fact essential to the punishment to be inflicted. Bish. Stat. Cr., Secs. 240, 981, 1044 *a*.

And it is said by Hawkins, and approved by other authorities, that "where a statute makes a second offence felony, or

subject to a heavier punishment than the first, it is always implied that such second offence ought to be committed after conviction for the first; from whence it follows, if it be not so laid in the indictment, it shall be punished but as the first offence; for the gentler method shall first be tried, which, perhaps, may prove effectual." Hawkins, P. C., Chap. 7, Sec. 7; *People* v. *Butler*, 3 Cow., 347; Bish. Stat. Cr., Sec. 240.

The motion for a new trial should have been sustained.

*The judgment is reversed and the cause remanded.*