## J. L. WEST v. THE STATE.

1. **LIQUORS.** *Sale without authority of law. Indictment.*

An indictment is good which charges, generally, a sale of liquor without authority of law. *Norton* v. *State*, 65 Miss., 297.

2. **SAME.** *Local option law of 1886. Indictment. Allegation of election.*

Tested by the law in force before the code of 1892 went into effect, a count in an indictment for selling liquor in violation of the local option law of 1886, which fails to aver that said law had been put in force by an election in the county, is bad. *Norton* v. *State, supra.*

3. **SAME.** *Code 1892, ch. 37. When taking effect. Unlawful retailing.*

Chapter 37, code 1892, entitled " Dram-shops," except as to license obtained after April 2, 1892, was not in force until November 1 following, and has no influence on indictments for unlawful retailing found before the chapter took effect.

4. **CRIMINAL PROCEDURE.** *Indictment. One count good. Conviction.*

A demurrer to an indictment containing one good count is properly overruled; and so of a motion in arrest. But a conviction will not be sustained if the evidence fails to support the good count.

5. CRIMINAL LAW.   *Construction of statute.   Import of words.*

In construing a criminal statute, it is inadmissible to give to words a mean-
ing they do not contain, in order to accomplish an object it may be sup-
posed the law-maker had in view.

6. SAME.   *Laws* 1890, *p.* 71.   *Selling liquors.   Receiving order.*

Accordingly, on the trial of an indictment under § 2 of the act of 1890
(Laws, p. 71), the words "to *sell* any such liquors as are therein prohib-
ited," will not be held to include the mere receipt of an order for liquor
to be thereafter sent into the forbidden territory, though it was so sent,
and the defendant received pay for the same.

FROM the circuit court of Pike county.

HON. W. P. CASSEDY, Judge.

Appellant, West, was convicted of unlawful retailing. The
indictment, in the first count, charges that he did, on the fif-
teenth day of December, 1892, in the county of Pike, unlaw-
fully sell vinous and spirituous liquors, he not then and there
having any authority so to do. The second count charges that
the said West, on the day aforesaid, being a citizen of Louis-
iana, "did come into the county of Pike, state of Mississippi
(the sale of liquors being prohibited by law in said county),
and did then and there, in said county, unlawfully solicit
orders for the sale of vinous, malt and spirituous liquors, to
be shipped from the state of Louisiana to said Pike county,
and, by virtue of said orders for sale, did unlawfully ship, and
cause to be shipped, from said state of Louisiana, in the said
county of Pike, contrary to the statute," etc.

The defendant demurred to the indictment, on the ground
that it failed to set out the result of the local option election
in Pike county, and, generally, on the ground that no offense
was charged. The demurrer was overruled. After convic-
tion, he filed a motion in arrest of judgment, on the ground
that the conviction was had in violation of the constitution
of the United States, regulating interstate commerce, and
this was overruled.

There was no evidence of a sale in Pike county. The tes-
timony showed that the defendant resided in New Orleans,

---

---

La., where he was engaged in, or connected with, the liquor business. At different times he was in Pike county, and received orders from persons therein for whisky, which his house afterwards shipped from New Orleans. On one occasion, he had samples of liquor with him, and solicited an order for whisky, which was filled, and he afterwards received pay therefor. All this occurred prior to April 1, 1892, the indictment being found September 17, 1892.

*T. McKnight,* for appellant.

The demurrer to the indictment should have been sustained. *Norton* v. *State,* 65 Miss., 297.

It was necessary to show that there had been a local option election in Pike county, and its result. Section 1621, code 1892, did not dispense with this, because it did not go into effect until November 1, 1892. See §§ 2 and 1623 of said code.

There is no proof to sustain the first count, and the second count is not good. Besides, the evidence showed that all the acts occurred prior to April 1, 1892. The second count being insufficient, proof under it was of no avail.

*Frank Johnston,* attorney-general, for the state.

1. If § 1621, code 1892, was in effect, the court below properly held that it was not necessary to show by proof the result of the local option election in Pike county. This matter is submitted for the consideration of the court.

2. The offense of soliciting orders for whisky to be shipped into Pike county, was sufficiently alleged and abundantly proved.

CAMPBELL, C. J., delivered the opinion of the court.

The first count in the indictment is good, for it charges a sale of liquor without authority of law, and that is an offense under the general law. *Norton* v. *State,* 65 Miss., 297.

The second count, tested by the law in force prior to the

code of 1892, is bad, for not averring that the "local option" law of 1886 had been put in force in the county. *Norton* v. *State, supra.*

Chapter 37 of the code of 1892, on dram-shops, except as to licenses obtained after April 2, 1892, was not in force until November 1, 1892, and has no influence on this indictment.

The demurrer was properly overruled, because it was to the indictment, and one count is good; and, for the same reason, the motion in arrest of judgment was not sustainable. But the first count is not proved, and, while the second is supported by evidence, it does not warrant conviction, because it does not sufficiently charge the offense. *Norton* v. *State, supra.*

Evidence of a receipt by West in Pike county of an order for liquor, which he afterwards sent and got pay for, does not show a sale in that county, and therefore does not sustain the first count of the indictment. It is probable that "to sell" was used in the second section of chapter 62 of the acts of 1890 under the mistaken notion that thereby receiving orders for liquor, to be sent into forbidden territory, was prohibited, but it is impossible for a court to ascribe such meaning to the words used, which is not sanctioned by either legal or popular usage. If the purpose was to make receiving an order for liquor an offense, different language should have been employed. It is inadmissible to give to words a meaning they do not contain in order to accomplish an object it may be supposed the law-maker had in view. To predicate a sale of simply receiving an order for an article to be thereafter delivered, would violate not only all legal views of the term, but every definition given by lexicographers, or derived from the word itself.

It is useless to notice the instructions.

*Reversed and remanded.*