Hon. JOSEPH HOWARD.

## PRESTON & al. versus DREW.

It is competent for the State, by legislative enactment, operating prospectively, to determine that articles, injurious to the public health or morals, shall not constitute property.

If it should so conclude in relation to spirituous or intoxicating drinks, when designed to be used as a beverage, the conclusion would be justified by the experience and history of man, and would furnish no occasion to complain that any provision of the constitution had been violated.

The Act of 1851, "for the suppression of drinking-houses and tippling-shops," though it provides for the seizure and forfeiture of such liquors when designed for sale, does not enact that no property can be acquired in them when not designed for unlawful sale; but on the contrary, recognizes them as subjects of property, when kept for certain purposes.

The prohibition to sell such liquors does not prevent the acquisition of pro-

perty in them, or the transport of them through the State, when not designed for unlawful sale.

The general intent and avowed purpose of the Act would not be infringed by a construction which should allow the maintenance of actions, except for such liquors as were liable to seizure and forfeiture, and intended for unlawful sale.

The attaching of such a construction to legislative language, so clear and unequivocal, if within the province of the judiciary department, is perhaps very near to the outward boundary of its power.

If such a construction should be applied, it would, of course, remove the statute prohibition from all actions brought for liquors, except those proved to have been intended for unlawful sale.

Without such a construction, the statute prohibition is inoperative, as to actions for any liquors, except those proved to have been intended for unlawful sale, because as to other liquors the prohibition is violative of the State Constitution.

On Report from *Nisi Prius*, Howard, J. presiding.

Replevin for eight barrels of rum and for the casks, in which it was contained.

Plea, *non cepit*, with brief statement, justifying the taking by the defendant, as an officer, under a warrant, issued by virtue of the statute of 1851, chap. 211, "for the suppression of drinking-houses and tippling-shops." The plaintiffs reside in Massachusetts. The rum was sent by them to Brunswick, in this county, where it was stored for safe keeping, and it was there seized by the defendant.

One of the enactments of the statute is, that "No action of any kind shall be had or maintained in any court for the recovery or possession of intoxicating or spirituous liquors, or the value thereof."

Relying upon that enactment, the defendant moved for a nonsuit, which, for the purpose of bringing the subject before the whole Court, was ordered *pro forma*. If, upon these facts, the action is maintainable, a new trial is to be granted.

*Orr*, for the plaintiffs.

*Fox*, for the defendant.

Shepley, C. J. — The action is replevin of eight barrels of rum. A nonsuit was ordered, *pro forma*, by the presiding

Judge, that the question might be presented for deliberative consideration, whether the action can be maintained.

There is no proof presented by the report of the case, that the rum was liable to seizure and forfeiture, or that there was any intention to sell it, in violation of any law of the State.

If the action can be sustained, it must be maintained " for the recovery or possession of intoxicating or spirituous liquors."

It is provided by the sixteenth section of the Act approved on June 21, 1851, that " No action of any kind shall be maintained in any court in this State, either in whole or in part, for intoxicating or spirituous liquors sold in any other State or country, whatever ; nor shall any action of any kind be had or maintained in any court in this State, for the recovery or possession of intoxicating or spirituous liquors, or the value thereof."

Among the rights secured to the people of this State by their Constitution, is that of " acquiring, possessing, and protecting property." Art. 1, sec. 1. The nineteenth section of the same article provides, " That every person, for an injury done him in his person, reputation, property, or immunities, shall have remedy by due course of law."

When a person is deprived of the possession of his property without lawful authority or right, he is injured in his property. The State, by its legislative enactments, operating prospectively, may determine that articles injurious to the public health or morals, shall not constitute property, within its jurisdiction. It may come to the conclusion that spirituous liquors, when used as beverage, are productive of a great variety of ills and evils to the people, both in their individual and in their associate relations ; that the least use of them for such a purpose is injurious, and suited to produce, by a greater use, serious injury to the comfort, morals, and health ; that the common use of them for such a purpose operates to diminish the productiveness of labor ; to injure the health ; to impose upon the people additional and unnecessary burdens ; to produce waste of time and of property ; to introduce disorder and

disobedience to law ; to disturb the peace, and to multiply crimes of every grade. Such conclusions would be justified by the experience and history of man. If a legislature should declare that no person should acquire any property in them, for such a purpose, there would be no occasion for complaint that it had violated any provision of the constitution.

The act now under consideration should receive such a construction, so far as it may be possible consistently with established rules of law, as will carry into effect the declared design of its enactment, " The suppression of drinking-houses and tippling-shops." The first section prohibits the manufacture or sale of such liquors, except as therein after provided. The second section authorizes the appointment of an agent, in any town or city, to sell such liquors " to be used for medicinal and mechanical purposes." The other sections of the Act appear to have been framed to carry these provisions fully into effect ; to prevent a violation of them, and to punish persons found to have been guilty of their violation.

While the Act provides for the seizure and forfeiture of the liquors designed for sale, in violation of its provisions, no positive enactment is found that no person shall acquire any property in them. Nor is there any language capable of receiving such a construction as would forbid it. The prohibition to sell them cannot prevent any person from acquiring and possessing them for his own use without any intention to sell them. Nor can it prevent their transport from one town or city to another, or through the State, when there is no intention to make sale of them. There is nothing found in the Act indicative of an intention to prevent their being property, when thus possessed or used. On the contrary, the Act authorizes them to be legally sold and used for certain purposes, and therefore to be the subject of property for such purposes. If they cannot be the subject of property, the town or city agents can have no property in them, nor can they or the towns or cities, by any action, obtain redress for their lawless and wanton destruction.

It is, however, insisted in argument, that a person, by the

common law, can no more acquire property in spirituous and intoxicating liquors, than he can in obscene publications and prints. There is a clear and marked distinction between them. Such liquors may be applied to useful purposes. This is admitted in the Act, by its authorizing their sale for medicinal or mechanical purposes. It is their misuse or abuse alone which occasions the mischief. Obscene publications and prints are in their very nature corrupting, and productive only of evil. They are incapable of any use which is not corrupting and injurious to the moral sense.

Such liquors are also alleged to be a common nuisance, and as such liable to destruction. There is nothing which can be regarded as a nuisance, when considered by itself alone, and separate from its use. It is the improper use or employment of a thing which causes it to become a nuisance. It would be not a little absurd to declare that to be a nuisance, and as such liable to be abated and destroyed, which the Act allows to be sold and purchased as an article useful for medicinal and mechanical purposes.

The Court cannot decide by an application of the rules of the common law, or by the provisions of the Act, that property cannot be acquired in spirituous and intoxicating liquors. The language of the Act, which declares that no action shall be maintained for the recovery or possession of such liquors or their value, is without limitation ; and, by a literal construction, it would deprive one who has purchased them of a town or city agent, for allowable purposes, of the right to maintain an action to recover them or their value from a person who had taken them from his possession without any right or authority, or who had wantonly destroyed them. It would also deprive the town and city agents of all right to maintain an action for the recovery of such liquors which had been purchased by them, for sale according to the provisions of the Act, and which had been unlawfully taken from them or destroyed. It would also deprive a person of all remedy for the protection of such property by action, when procured for his private use and not intended for sale; and when he was carry-

Preston *v.* Drew.

ing it through the State without any intention of sale in this State. Can one conclude that an intelligent legislature could have intended to hold out such temptations for the lawless subtraction or destruction of private property? The results are too extraordinary and unjust to allow an intelligent and considerate mind to believe that they could have been foreseen and approved.

The general language must therefore be restricted so as to accomplish the general intent and declared purpose of the Act without producing such results, or the provision, now under consideration, must be pronounced to be a plain violation of the provisions of the constitution, and void. The general intent and declared purpose of the Act would in no degree be infringed by regarding the general language to be so limited as to forbid the maintenance of any action for the recovery or possession of such liquors or their value, which were liable to seizure and forfeiture, or intended for sale in violation of the provisions of the Act.

It may be said, that a court of justice is not authorized to introduce by construction such a limitation; that it savors more of legislation than of construction. It may be so; and if the Court may not introduce any such limitation without encroaching upon the forbidden province of another department of the government, it cannot omit its duty to declare that provision to be in violation of the provisions of the constitution, and void.

*Nonsuit set aside and a new trial granted.*