## WILLIE TROST AND IKE SOLOMON *v.* THE STATE.

1. LIQUOR DEALERS. *Sufficiency of indictment. Case in judgment.*

    An indictment set out that T. and S. " did then and there unlawfully sell vinous and spirituous liquors to one N. in quantities of from one to five gallons, without a license therefor, according to the requirements of the statute in such case made and provided." *Held*, that the authority from any source of T. and S. to sell liquors is sufficiently negatived by the indictment.

2. SAME. *Wholesale license under § 585, Code 1880. Retailing discontinued in city. Act of March 11, 1884, construed.*

    T. and S. took out license to sell vinous and spirituous liquors in quantities of not less than one gallon for one year from November 1, 1885, in the city of C. The license was issued under § 585 of the Code of 1880, without any compliance with §§ 1103 and 1104, prescribing the mode of obtaining licenses to retail liquors. In April, 1886, T. and S. sold one gallon of whisky to N. They were convicted of selling liquors without license as required by law. An act approved March 11, 1884 (Acts of 1884, p. 200), provides that dealers in liquors, who sell in quantities of from one to five gallons, must obtain licenses in the same way as retailers, " provided, that this shall not apply to dealers where the same is being retailed under the laws of this State." At the time T. and S. took out their license liquors were being retailed in C. under the laws of this State, but after January, 1886, retailing became unlawful there. *Held*, that T. and S. were properly convicted, not being protected by their license at the time of the sale to N. The proviso quoted did not apply to them after lawful retailing ceased in C.

APPEAL from the Circuit Court of Lowndes County.

Hon. W. M. Rogers, Judge.

Willie Trost and Ike Solomon were jointly indicted at the June term, 1886, of the Circuit Court of Lowndes County for unlawfully selling vinous and spirituous liquors. The indictment sets out that Trost and Solomon " did then and there unlawfully sell vinous liquors and spirituous liquors to one R. B. Nesbit, Jr., in quantities of from one to five gallons, without a license therefor, according to the requirements of the statute in such case made and provided." The defendants moved to quash the indictment (1) because it did not inform the defendants of the particular statute they are charged with violating; (2) because " it does not appear from the indictment that, at the time of the offense alleged to have been committed, defendants did not have a privilege tax license issued to them by the tax collector of the county of Lowndes within twelve months next prior to that date, and while vinous and spirituous liquors were being retailed in the city of Columbus and county of Lowndes under the general laws of this State." The court overruled this motion to quash the indictment, and the defendants filed a special plea setting out that they on November 1, 1885, had paid their privilege license to carry on the wholesale liquor business for one year as required by law, while vinous and spirituous liquors were still permitted to be sold by retail in the city of Columbus. On motion this plea was stricken out. The cause was then by agreement submitted to the judge on the following agreed state of facts: That on November 1, 1885, defendants took out a privilege tax license for one hundred and fifty dollars, in accordance with chapter 10, Code of 1880, to sell liquors in Columbus in any quantity not less than one gallon, but without a petition signed by a majority of the legal voters being presented therefor; that the last license to retail vinous and spirituous liquors in Columbus expired on January 23, 1886, and that no license to retail liquors has been issued them since, but that at the time of the issuance of defendants' wholesale license liquors were being retailed in Columbus under the laws of this State, and that on April 10, 1886, defendants sold one gallon of whisky to R. B. Nesbit, Jr.

An act approved March 11, 1884, Acts of 1884, p. 200, provides " that it shall be unlawful for any person to sell any vinous or spirituous liquors in quantities from one to five gallons unless he shall first comply with §§ 1103, 1104, of the revised Code of 1880, and shall have received a license as required by § 1105 of said code ; *provided,* that this shall not apply to dealers where the same is being retailed under the general laws of this State."

The court adjudged the defendants guilty and they appealed.

*Humphries & Sykes,* for the appellants.

The paramount and all-controlling issue in this controversy arises out of the construction of an act approved March 11, 1884, page 200, entitled " An Act to require dealers in vinous and spirituous liquors in quantities from one to five gallons to comply with §§ 1103 and 1104 of the Revised Code of 1880."

The proviso to said act exempted from the operations of the act, for the time being, Columbus and all other places like it, where vinous and spirituous liquors were being retailed under the general laws of this State at the time of the grant of the wholesale privilege-tax license.

" If the statute has an exception or proviso in the defendant's favor he need only bring himself within the letter of such a clause, regardless of its spirit." Bishop on Statutory Crimes, § 229.

We submit that we have brought ourselves within the letter of the *proviso.* We have shown ourselves to be dealers, and we have further shown that at the time we took out our wholesale privilege-tax license vinous and spirituous liquors were " being retailed in the city of Columbus, Miss., under the general laws of this State."

That a privilege-tax license does protect the person to whom it is issued, for the full term of twelve months from its date, we refer to § 594, Code of 1880, wherein, referring to licenses for privileges, it reads : " The tax collector shall issue to the applicant for it a license as aforesaid, and shall date each license the first day of the month of its issuance, and it shall be good for one year from that date." Therefore, if the wholesale license at the

date of its issuance authorized the sale in any quantity not less than one gallon, it continued to authorize it until the full term of one year from its date shall have expired. The license to appellants was issued November 1, 1885, and by virtue of § 594 it continues good until November 1, 1886.

*G. A. Evans*, on the same side.

1. This case should be reversed because of the insufficiency of the indictment and the error of the court in overruling the motion to quash. Had the indictment alleged a sale in quantity LESS than one gallon it might have been sufficient because the general law of the State made such sale penal unless made by virtue of a license obtained in the particular way pointed out by chapter 39 of Code of 1880.

As to sales in *less* than one gallon, this chapter and its amendments contained the *whole* law. No license by State, county, or municipality was required, except as therein set forth. And the license required thereby and the mode of obtaining it, provided in this law, applied universally to every portion of the State and of Lowndes County. So that an indictment alleging a sale of *less* than one gallon, "without a license therefor, according to the statute in such cases made and provided," necessarily means without a license issued according to this chapter 39 and its amendments.

But as to sales of "from one to five gallons" this is not true. There are *two* separate statutes, with distinct and entirely different penalties, depending on different facts, either of which may be violated and its penalty incurred without any violation of the other.

It seems to me that the charge in the indictment is not much better than to allege that "A did unlawfully deprive B of his property," and leaves A to guess whether he would be tried for larceny, obtaining goods by false pretenses, embezzlement, or arson. 1 Bishop Criminal Procedure (2d ed., 1873), § 108.

And where one statute is of universal application and the other not, the natural presumption would be that it was under the one of general application. Certainly it would be so when the other

statute made the offense to depend on particular facts, none of which are alleged to exist.

2. The defendants, supposing that perhaps this peculiar indictment was on the idea that they did not have a privilege license, pleaded this license specially and the court struck it out. For this the case should be reversed.

3. It is insisted that the right to sell in quantities less than five gallons only lasted as *long as* and *during the time* liquor was actually sold by retail under retail license.

This, it seems to me, is a remarkable construction of a plain proviso.

Certainly, if the legislature had intended to convey the idea that the right, under existing laws, to sell one gallon or over should spring up with the saloon and die with the saloon, and be in abeyance between the expiration of one license and another commencing two days later, it could have found a more apt expression than " where;" they could easily have said, "during the time the same is being retailed," etc., or " when " the same is being retailed. But they say no such thing, but " where," and by simply substituting the ordinary synonym for it the language is plain, " where," " place at which," so that this act shall not apply to dealers in " places at which " the same is being retailed, etc.

In November saloons were in full blast in Columbus, and there could be no question as to the fact that this act did not apply. So appellants pay their privilege tax of one hundred and fifty dollars and obtain their license for one year.

*J. E. Leigh,* on the same side.

The whole case depends upon the construction of the act of March 11, 1884, p. 200.

The statute says the act shall not apply to " *dealers* "—" *where* " the same is being retailed. The place and not the individual can alone be meant.

The privilege tax is good for one year from the date of its issuance. Code of 1880, § 594.

The revenue license is the only inhibition upon the sale of liquor by the gallon and over, the traffic being legal except as prohibited by law.

*T. M. Miller*, Attorney General, for the State.

1. The court did not err in overruling the motion of defendants to quash the indictment.

The indictment was for selling vinous or spirituous liquors without license. The claim is that license to sell by the gallon may be derived from different sources; that a person indicted is entitled to be informed under what statute the proceeding against him is had. The denial of authority in this case is broad enough to cover all sources or forms of license and is sufficient. "Not being first duly licensed," "not having then and there any authority or appointment according to law to make such sale," and various other phrases of the like kind have been held sufficient. Bishop on Stat. Cr. 1042, and cases cited.

2. The effect of the act of 1884, cited by counsel, was to make it an amendment of chapter 39 of the code, and to require that license should be obtained by application to the boards of supervisors or corporate authorities of a town to sell even by the gallon. That is the enacting clause. The exception is not in the enacting clause, but after it, "provided, this act shall not apply," etc. In such case it does not appear to be necessary in an indictment to negative the exception any more than if it occurred in an independent statute creating an exception. 1 Bish. Cr. Pr. 631–634; *Surratt* v. *The State*, 48 Mich. 601.

If it were not necessary to negative such exception, then if defendant's case fell within it that was matter of defense to be made under the general issue of not guilty, and it was not, therefore, error to strike out the special plea,

The Attorney General also argued the case orally.

ARNOLD, J., delivered the opinion of the court.

The objections made to the indictment were properly overruled. The negation of authority to sell, as therein alleged, was broad enough to cover all the forms and sources from which license could be derived. Bish. Stat. Crimes (second edition), § 1042.

There was no error in striking out the special plea of appellants. The facts therein stated constituted no defense, and if they had,

they might have been given in evidence under the general issue. 7 Whart. Cr. L., § 558.

The act approved March 11, 1884, Acts of 1884, does not apply to towns, cities, or supervisors' districts in which liquor is being sold by retail under the general laws of the State as long as it is so sold therein. The purpose of the act, deducible from its terms, was to place new restrictions on wholesale dealers of liquors only in localities in which retailing was not tolerated under the general laws of the State. The act declares the policy that where retailing is allowed and approved, and as long as it continues, that wholesale dealers may sell on the terms prescribed by prior and existing laws, but that where retailing is not allowed liquors shall not be sold in quantities of from one to five gallons, unless the seller conforms to the requirements of the act by obtaining license and the approval of the majority of the legal voters of the town, city, or district, and giving bond, in the same manner that retailers are required to do. Appellants' wholesale license, procured pursuant to prior laws without conformity to the act of 1884, protected them as long as retailing was carried on under the general laws of the State in Columbus, and no longer. After that it became, in the language of the act of 1884, unlawful for any person to sell in quantities of from one to five gallons without first complying with the terms of the act.

It is admitted that when the sale for which appellants were indicted occurred, retailing under the general laws of the State had ceased in Columbus, and it follows from what has been said that the judgment must be

*Affirmed.*