Fredericus Hamer v. The People of the State of Illinois.

1. INTOXICATING LIQUORS—*Insufficient Orders to Sell to Minors.*—
The following orders were given to the keeper of a dram-shop :

" MR. FRED HAMER :   Please let my son Ed  have what he wants.
C. A. JORDON."

" MR. HAMER :   Let Charlie Robbins  have what he wants to  drink
until you hear from us.
MR. LEWIS ROBBINS,
MRS. L. ROBBINS."

*Held*, that they were not sufficiently specific to authorize a sale of
intoxicating liquor to a minor under  section 26 of the dram-shop act.
They are general orders, and not limited to time, quantity or kind of
liquor to be sold, and were designed to evade the provision of the
statute which restrains sales of liquor to minors.

**Indictment**, for selling intoxicating liquors to minors.   Error to the
Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge
presiding.    Heard in this court at the May term, 1902.    Affirmed.
Opinion filed November 1, 1902.

C. S. SCHNEIDER and PAYSON & KESSLER, attorneys for
plaintiff in error.

A. L. PHILLIPS, state's attorney, for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.
The plaintiff in error was indicted and convicted for sell-
ing intoxicating liquors to minors.   The indictment con-
tained twenty-eight counts.   He was convicted on four
counts for selling to Chalmer Ross, on four counts for sell-
ing to Charlie Robbins on one for selling to Jim Grayson,
on one for selling to Ed Jordon and on one for selling to
Carl Nordquist.
The evidence abundantly shows that the persons named
were minors, and that the sales were made to them from
the bar of the plaintiff in error.   The only defense inter-
posed by him was the introduction of two written orders
—one signed by the father of Ed Jordon, and the other
signed by the father and mother of Charlie Robbins—both
of which were excluded from the jury.   The first order was
in the following language :

" MR. FRED HAMER: Please let my son Ed have what he wants.                                C. A. JORDON."

It was not sufficiently specific to authorize a sale of intoxicating liquor to a minor under section 26 of the dramshop act, and for that reason was properly excluded by the court.

The other was in the following language:

" MR. HAMER: Let Charlie Robbins have what he wants to drink until you hear from us.

MR. LEWIS ROBBINS,<br>MRS. L. ROBBINS."

This is a general order and is not limited as to time, quantity or kind of liquor to be sold. Its evident design was to evade the wise provision of the statute which restrains sales of liquor to minors. The intention of the statute is to promote temperate habits among the youth of the state during the formative period of their character. Consistent with that intention, the parent must control the supply of the liquor both as to times and quantity, and not leave it to the unbridled desire and appetite of the minor, as the parents in this case have done. Hence the written order under which the saloon-keeper may sell to the minor must be special as contra-distinguished from general. Connolly v. The People, etc., 42 Ill. App. 36; Gill v. The State, 86 Georgia, 751.

If it be held that the order was good for one sale it was no defense to the other ten or fifteen sales which the evidence shows were made to Charlie Robbins.

Judgment affirmed.