# Banks *v*. The State.

*Indictment for selling Spirituous Liquors to Minor.*

1. *Selling liquor to minor; what constitutes offense.*—A conviction can not be had under an indictment charging the defendant with selling spirituous liquor to a minor upon proof that the defendant was not interested in the sale of the whiskey, but acted as the agent of the minor and others and bought the whiskey for them with money furnished by them; and where the evidence in the case authorizes the inference of such fact, it is error for the court to give the general affirmative charge for the State.

APPEAL from Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

The appellant in this case, Henry Banks, was indicted, tried and convicted for selling liquor to a minor.

On the trial of the case the State introduced one Tullis Hutto as a witness, who testified that he was not 21 years of age; that within 12 months before the finding of the indictment, he, the defendant and one Kirkland were talking together on the streets in Abbeville, Henry County; that Kirkland asked him if he wanted some whiskey, and told him that there was some whiskey in the railroad depot in Abbeville and that they could get a quart for seventy cents; that Kirkland would take a pint, and that he, the witness would take a pint; that the witness gave to the defendant thirty-five cents to get the whiskey; that some time afterwards the defendant brought a box to a store in Abbeville from which he took out several flasks of whiskey, and each of the persons present took a flask of the whiskey, and the defendant also took a flask. Kirkland testified to substantially the same facts. The depot agent of the railroad in Abbeville testified that a case of whiskey from Haskell & Co., consigned to one Richardson at Abbeville was never called for by said

Richardson, and he, the depot agent, communicated this fact to the consignor; that the consignor sent a bill of lading to the bank at Abbeville with an order to deliver the whiskey to the defendant when he paid the amount due thereon, that the defendant brought the order and the bill of lading to the witness, paid the amount due on the whiskey, and the witness delivered it to him.

The defendant as a witness in his own behalf testified that upon finding out that the case of whiskey in question at the depot in Abbeville was unclaimed, he wrote to Haskell & Co., about it, and a few days afterwards the Bank of Abbeville informed him that he could get the bill of lading and an order for the whiskey upon paying for the whiskey; that he got up the money to pay for it by going to different persons, each of whom agreed to take a quart and to pay seventy cents a quart; that he, the defendant put in seventy cents himself; that Kirkland and Hutto put in thirty-five cents each for a quart of the whiskey; that after each of the persons who had agreed to take a quart of the whiskey delivered him the money, he got the case of whiskey and carried it to the store as testified by the witness Hutton, and that the box was opened and each of the persons who had paid for a quart of the whiskey took a quart, and the defendant Hutto took a flask and gave a pint of it to Kirkland. The defendant further testified that in getting the whiskey he was acting for himself and those who furnished the money; that he did not have any interest in the whiskey except to the quart which he took for himself and that he did not make any profit out of the transaction.

Upon this evidence the court at the request of the State gave to the jury the following charge: "If the jury believe the evidence beyond a reasonable doubt they should find the defendant guilty." To the giving of this charge the defendant duly excepted.

ESPY & FARMER, for appellant, cited *Bonds v. State,* 130 Ala. 117; *Maples v. State, Ib.* 121; *Booker v. State,* 91 Ala. 92; *Bryant v. State,* 82 Ala. 51; *Dubois v. State,* 87 Ala. 101; *Morgan v. State,* 81 Ala. 72; *Campbell v. State,* 79 Ala. 271; *Young v. State,* 58 Ala. 351.

MASSEY WILSON, Attorney-General for the State cited, *Bain v. State*, 61 Ala. 75; *Hill v. State*, 62 Ala. 168; *Cagle v. State*, 87 Ala. 38; *Walton v. State*, 62 Ala. 197; *Gilmore v. State*, 125 Ala. 59.

McCLELLAN, C. J.—On one aspect of the evidence in this case it was open to the jury to find that the defendant, in paying the bank for the whiskey which belonged to Haskell & Co., and delivering it to Hutto, the minor, and the others, acted solely as the agent of Hutto and the other parties who had supplied him with the money to buy the liquor for them; and if the jury found these to be the facts their right and duty was to acquit the defendant.—*Bryant v. State*, 82 Ala. 51, and cases there cited; *DuBois v. State*, 87 Ala. 101. The circuit court, therefore, erred in giving the affirmative charge for the State.

Reversed and remanded.

