### MULLIGAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 2, 1903.)

No. 1,638.

1. CRIMINAL LAW—VARIANCE.

The fact that a person belongs to both the class specified in an indictment and to another class does not constitute a fatal variance between pleading and proof.

2. SELLING LIQUOR TO AN INDIAN ALLOTTEE OR PATENTEE IS AN OFFENSE.

The sale of liquor to an Indian who has an allotment or patent to land which the United States holds in trust for him under the act of March 2, 1889 (25 Stat. c. 405, § 11, p. 891), is a public offense under the act of January 30, 1897 (29 Stat. c. 109, p. 506).

(Syllabus by the Court.)

In Error to the District Court of the United States for the District of Kansas.

Alfred L. Redden, Edwin D. McKeever, and Richard F. Hayden, for plaintiff in error.

J. S. Dean, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The act of Congress of January 30, 1897 (29 Stat. c. 109, p. 506), provides that any person who shall sell any malt, spirituous, or vinous liquor "to any Indian to whom allotment of land has been made while the title to the same shall be held in trust by the Government, or to any Indian a ward of the Government under the charge of any Indian superintendent or agent, or any Indian, including mixed bloods, over whom the Government through its departments exercises guardianship," shall be punished by imprisonment for not less than 60 days and by a fine of not less than $100. The plaintiff in error, Edward Mulligan, was indicted and convicted under this act of selling liquors to one Pat Ko-Shuck, "being," as the indict-

ment declares, "then and there an Indian, and a member of the prairie band of Pottawatomie Indians, and a ward of the Government, under the charge of W. R. Honnell, an Indian agent." The proof was that Pat Ko-Shuck was an Indian of the prairie band of Pottawatomie Indians, and a ward of the Government, under the charge of W. R. Honnell, an Indian agent, and that he was also an Indian to whom an allotment of land had been made the title to which was held in trust by the Government under the act of March 2, 1889 (25 Stat. c. 405, § 11, p. 891).

The plaintiff in error assails the judgment of conviction on two grounds: (1) That there was a variance between the pleading and the proof; and (2) that the sale of liquors to an Indian who has received an allotment and become a citizen is not an offense.

It is insisted that there is a variance between the pleading and the proof because the statute declares that it shall be an offense to sell liquors (1) "to any Indian to whom allotment of land has been made while the title to the same shall be held in trust by the Government," or (2) "to any Indian a ward of the Government under charge of an Indian superintendent or agent," and the indictment charged that Pat Ko-Shuck, to whom the liquor was sold, was an Indian of the latter class, when the proof showed that he belonged to both classes. But this constitutes no variance. The purpose of an indictment is to inform the defendant of the offense with which he is charged. The charge in this pleading did not fail to accomplish this purpose. It truthfully described the Indian to whom the liquor was sold, and the proof perfectly corresponded with the allegation. A variance is an essential difference between the pleading and the proof. There was no such difference between the charge in the indictment and the evidence in this case. The fact that the Indian fell in two classes of persons to whom the plaintiff in error was prohibited from selling liquor in no way relieved him from his liability for selling it to him as a member of the class described in the indictment and in the statute.

The second objection to this conviction is that under the act of February 8, 1887 (24 Stat. 388), the Indian became a citizen of the United States when he received his allotment and patent under the act of March 2, 1889 (25 Stat. c. 405, § 11, p. 891), and that it was not in the power of Congress by the act of 1897 to prohibit the sale of liquor to him, and thus to deprive him of one of the privileges and immunities of citizenship. The question here presented was thoughtfully considered by this court in Farrell v. United States, 110 Fed. 942, 49 C. C. A. 183, where it was held that the privilege of buying whisky at all times and in all places is not one of the rights, privileges, or immunities of citizenship within the meaning of the Constitution of the United States, and that the act of 1897, prohibiting the sale of liquor to Indian allottees or patentees while the United States holds the title to their lands in trust for them, is constitutional and valid. The argument of counsel for the plaintiff in error in this case presents nothing of importance which was not considered in that case, and we adhere to the conclusion there reached.

The judgment below is affirmed.