## TOM GRAY v. THE STATE.

### No. 2679. Decided February 11, 1903.

**1.—Selling Liquor to Minor—Evidence.**

On a trial for selling intoxicating liquor to a minor, it is competent to prove that at the same time and place two other minors were present and drank the intoxicants with the prosecuting witness. The evidence was res gestae, and bore upon defendant's good faith in selling the liquor.

**3.—Same.**

Before a defendant can be legally convicted of selling intoxicants to a minor, it must be proved that he knew the purchaser was under 21 years of age.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale, County Judge.

Appeal from a conviction of knowingly selling intoxicating liquor to a minor; penalty, a fine of $25.

The opinion states the case.

*J. C. Muse* and *A. J. Hudson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of selling intoxicating liquor to a minor. The main issue in the case was appellant's belief that the purchaser, Henry Dewberry, was under the age of 21 years at the time of the sale. Over his objection the court permitted the State to prove that Walter Florence and W. T. Dewberry drank beer with him at said time and place, and that they drank two or three glasses each; that they were also minors, one being 16 and the other 20 years of age. The objection was that the minority of Walter Florence and W. T. Dewberry was irrelevant, and that it was not proper to be introduced, but was calculated to prejudice the jury against him, etc. This testimony was admissible. Appellant's contention was that he believed from all the circumstances, the appearance of the purchaser, his size, etc., that he was over 21 years of age, and that he was acting in good faith in selling the beer to him. It was also the fact, proven upon the trial, that he had known the purchasing witness for five or six years, and the younger Dewberry, who was then 16 years of age. These matters bore upon the good faith of defendant in selling beer, and tended to impeach his theory that he believed the purchasing party was over 21 years of age. In addition this was part of the transaction—res gestae.

The court charged the jury, among other things: "The law imposes upon the State the burden of proving that defendant knowingly sold spirituous, vinous, or intoxicating liquors to Henry Dewberry, knowing him to be under the age of 21 years, and the law requires the defendant to exercise such discretion in making sales of spirituous, vinous, or intoxicating liquors to any other person as a person of ordinary diligence

and discretion would have exercised under the same or under similar circumstances." A charge of similar import was held erroneous in Reynolds v. State, 32 Texas Crim. Rep., 36. In order to justify a conviction under this peculiar statute, the seller must sell knowingly, and this means that he must sell the liquor knowing the person to be a minor. It is not necessary here to discuss what may or may not constitute knowledge.

Appellant requested a charge which was perhaps in rather strong language, but presented his only defense, to wit, that is, his good faith in selling the liquor to the minor believing him to be 21 years of age. Whatever the court may have thought about the facts, the evidence was before the jury setting up this defensive matter, and the court not only failed to give such a charge, but refused the special charge, and in addition gave the charge above criticised. Before defendant could be convicted, he must have sold the liquor to the boy knowing him to be under the age of 21 years. If he believed he was 21 years of age or over, under such facts as come under his observation or of which he was aware, then he would be entitled to an acquittal; for in that case he would not be guilty of knowingly selling to a minor.

Because of the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*