WILLIAM KOEPKE V. STATE OF NEBRASKA.

FILED MARCH 18, 1903. No. 12,878.

**Criminal Offense:** BOWLING ALLEY. The running of a bowling alley in connection with a saloon or hotel, is in this state a criminal offense.

ERROR to the district court for Colfax county: CONRAD HOLLENBECK, DISTRICT JUDGE. *Affirmed.*

*George H. Thomas, Frank J. Everett* and *George W. Wertz,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* for the state.

SULLIVAN, C. J.

The defendant, Koepke, a licensed vender of intoxicating liquors, was found guilty of establishing and maintaining upon the premises where his saloon was located a ball or ninepin alley. Motions for a new trial and in arrest of judgment were overruled and sentence imposed.

The facts charged in the information are admitted, but it is claimed that they do not constitute a crime. Section 221 of the Criminal Code, the section upon which the prosecution was grounded, is as follows:

"If any keeper of a public house, or retailer of spirituous liquors, in this state, shall establish, keep, or permit to be kept upon his or their lots or premises, any ball or ninepin alley, or shall in whole or in part be interested in any ball or ninepin alley, upon the lot or premises of

another, he or they shall pay a fine of not less than ten nor more than one hundred dollars; and this section shall be construed to extend to any alley denominated a nine-pin alley, whether such alley is used for playing therein a greater or less number than nine pins."

It is argued by counsel for defendant that this section forbids a retailer of intoxicants or the keeper of a public house from keeping, or being interested in, a bowling alley anywhere in the state, and that it is, therefore, an unreasonable restriction upon individual freedom, and a violation of the right of every citizen to the equal protection of the laws. Under counsels' construction the statute as a whole would perhaps be indefensible; but we are not disposed to think it was designed to exclude innkeepers and saloonkeepers from a business in which all other citizens are permitted to engage, but rather to prevent evils supposed to result from running a bowling alley in connection with a saloon or hotel. It is rather to be presumed that the legislature failed to express itself clearly than that it intended to enact an unconstitutional law. *Pleuler v. State,* 11 Neb. 547; *State v. Stuht,* 52 Neb. 209. But if we were to accept the view that the prohibition against keeping a bowling alley, or being financially interested in one, is subject to no implied limitation, it would not follow that the judgment is wrong. The enactment of a law prohibiting the running of a bowling alley in connection with a saloon or hotel was of course a legitimate exercise of legislative power, and the prohibition is valid even if it be regarded as embraced within a broader prohibition which is void to the extent that it is broader. Where there is a conflict between a statute and the constitution, the statute, if the valid and invalid parts are severable, yields to the extent of the repugnancy, but it yields no further, unless the invalid part was an inducement to the adoption of the remainder. *Scott v. Flowers,* 61 Neb. 620.

The judgment is

AFFIRMED.