# THE STATE v. FINNEY, Appellant.

### Division Two, December 9, 1903.

**Intoxicating Liquors:** AUTHORITY OF STATE: POLICE POWER: LIQUOR DRUNK AT DRUGGIST'S PLACE OF BUSINESS: PHYSICIAN AS DRUGGIST. The State has the right, in the exercise of its police power, to absolutely prohibit the manufacture and sale of intoxicating liquors within its borders, and it may, also, in the exercise of such power, prohibit druggists from permitting intoxicating liquors to be drunk at their places of business. And the fact that a practicing physician may at the same time be engaged in the business of a druggist, does not confer upon him in this respect any greater rights or privileges than are possessed by druggists who are not physicians.

Appeal from Bollinger Circuit Court.—*Hon. R. A. Anthony,* Judge.

AFFIRMED.

*Moses Whybark* for appellant.

(1) Section 3051, Revised Statutes 1899, is an attempted exercise of the police power which is unreasonable, and unwarranted as against a physician who administers intoxicating liquors in good faith, on his judgment as a physician, to his patient, where the relation of physician and patient exists, as in this case. The courts will correct an unreasonable exertion or mistaken application of the police power. 23 Am. and Eng. Ency. Law (2 Ed.), pp. 935 to 937; Sarrls v. Commonw., 83 Ky. 332. (2) The section discriminates against a physician who is the owner of a drugstore, and there keeps his office, by prohibiting him from administering intoxicating liquor to his patient as a medicine at or about his place of business, when if he is a physician

Vol 178 mo—25

following his profession apart from the mercantile business of conducting a pharmacy or drugstore, no such prohibition exists. R. S. 1899, sec. 3046; State v. Carnahan, 63 Mo. App. 248; State v. Larrimore, 19 Mo. 392. The statute does not apply to physicians as a class, but to those who own drugstores, and deal in drugs and medicines. It is therefore a special law, and in violation of the Constitution. Dunne v. Railroad, 131 Mo. 4; Grimes v. Eddy, 126 Mo. 187.

*Edward C. Crow,* Attorney-General, and *Bruce Barnett* for the State.

(1) It has been the established law of this State for many years that the right to sell intoxicating liquors is not a natural right, but a calling which no one has a right to pursue without first receiving a license so to do from the alwful authorities of the State. Austin v. State, 10 Mo. 591; State v. Bixman, 162 Mo. 1. (2) Druggists being permitted to sell intoxicating liquors in small quantities, for certain prescribed purposes only, the State has the power to prevent the abuse of this privilege by appropriate and effective legislation, and no more natural manner of preventing such abuse could be conceived than is provided by the law in question. R. S. 1899, sec. 3051. (3) The act can be sustained as a police measure, being intended to prevent a manifest evil, and having for its aim the preservation of the public morals. State v. Ashbrook, 154 Mo. 375; Hamman v. Cen. Coal and Coke Co., 156 Mo. 232. The State has the right to prevent such an evil by as many different provisions as may be deemed necessary. The statute applies to all who come within the range of its provisions, namely, those who are permitted to sell spirituous liquors in small quantities without a dramshop license. The law therefore is general and not special, its classification being reasonable and natural and not arbitrary. This being true, it is not obnoxious to the Constitution

Hamman v. Cen. Coal and Coke Co., supra; State ex rel. v. Yancy, 123 Mo. 391; State ex rel. v. Miller, 100 Mo. 439; Lynch v. Murphy, 119 Mo. 163; State v. Bishop, 128 Mo. 373; State v. Hathaway, 115 Mo. 36; Barber v. Connelly, 113 U. S. 27, 32.   (4)   There is no merit in appellant's contention that the statute discriminates against physicians who are also druggists.   Appellant has his rights as a physician, but if he has his office as a physician in connection with his drugstore, he incumbers that office with the restrictions placed by the statute on such a place of business.   If a contrary doctrine were to be announced by this court, it is safe to say that physician's offices in the back end of drugstores would begin at once to increase in popularity.

BURGESS, J.—The defendant was convicted in the circuit court of Bollinger county, and fined twenty-five dollars under an indictment charging that one J. M. Finney, late of the county and State aforesaid, on or about the——day of August, in the year 1902, at and in the county of Bollinger and State of Missouri, aforesaid, being then and there a druggist and proprietor of a drugstore and a pharmacist and a dealer in drugs and medicines, unlawfully and willfully then and there did suffer and knowingly permit intoxicating liquor, to-wit, one pint of beer, to be drunk at and about his place of business, his drugstore; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State.

The case was tried upon the following agreed statement of facts:

"1.   That the defendant is a physician residing, and has for more than twenty-five years resided, in Bollinger county, Missouri, and during all the time has been a regularly authorized and registered and practicing physician, according to the laws of this State.

"2.   That his residence is Leopold, in Bollinger county, Missouri, where he is the owner of a drugstore

in connection with his profession as a physician, and owned and conducted such drugstore at the date specified in the indictment, and was a duly registered pharmacist.

"3.    That Herman Elfrank was one of his patients whom he had treated for typhoid fever, and during his convalescence he had recommended to him the use of beer in moderate quantities until his strength had fully recuperated.

"4.    That the said Herman Elfrank called at his drugstore for beer, during his convalescence aforesaid, and defendant prescribed it for him, and first wrote out a written prescription, and dated and signed the same as a physician, in which prescription the name of the said Herman Elfrank was written, he being the person for whom the same was prescribed, and further stating that such intoxicating liquor was prescribed as a necessary remedy and the amount prescribed was one bottle, a pint; that thereupon, after the writing of said prescription of said beer, the same was sold to said Elfrank by defendant, at his drugstore, as a part of his stock of drugs, and the prescription was filed and preserved as the law requires.

"5.    That the said beer was furnished to said Elfrank by defendant's clerk after said prescription had been written and filed and on the same day.    That defendant was in his drugstore when he wrote the prescription and when his clerk sold the beer, but the beer was in the back room of his drugstore, and it was in that room that the beer was kept in stock and was delivered and drunk, while defendant was in the main room of the drugstore, which was in the front of the building, but in another room.    That defendant neither consented nor objected to the drinking of the beer by the said Herman Elfrank, in said back room where he obtained it, but knew that he drank the same at that place, as he had been and was his patient, and he had treated him for typhoid fever, with which disease he had been confined

to his bed for fully three weeks, and when he prescribed the beer the said Elfrank was convalescent, but not fully recuperated from the after-effects of the disease, and it was prescribed to him in good faith as a necessary remedy during his convalescence.

"6. The following is a diagram of the building in which defendant's drug store was located when the beer was sold and drunk:

(A) Drugstore in which defendant was when beer was drunk.
(B) Defendant's office.
(C) Defendant's consulting room where the beer was delivered and drunk by Elfrank.

"On the foregoing state of facts the question is submitted to the court whether the defendant is guilty of any offense under section 3051 of the Revised Statutes of 1899, which prohibits any druggist or dealer in drugs and medicines from suffering alcohol or intoxicating liquors to be drunk at or about his place of business."

This prosecution is bottomed upon section 3051, Revised Statutes 1899, which reads as follows: "Any druggist or dealer in drugs and medicines who shall suffer alcohol or intoxicating liquor to be drunk at or about his place of business, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine not exceeding two hundred dollars, or by imprisonment in the county jail not exceeding six months."

Defendant, both by motion for new trial and in arrest, raised the question as to the constitutionality of this statute, and in support of his position says that it imposes penalties for suffering the beer to be drunk no matter what the purpose may be, and is an attempted exercise of the police power which is unreasonable and unwarrantable as against a physician who administers such liquors in good faith on his judgment as a physician to his patient when the relation of physician and patient exists, as in this case. The right of a physician to prescribe intoxicating liquors as a medicine for his patients may be conceded, but the practice of medicine and the business of a druggist are two different occupations, and the fact that a practicing physician may at the same time be engaged in the business of a druggist does not confer upon him as such any greater rights or privileges than are possessed by druggists who are not physicians. The law makes no distinction between the rights of persons engaged in the business of druggists, but as a police regulation in the interest and well-being of the citizens of the State and their morals, provides that intoxicating liquors shall not be drunk at the place of business of a druggist and it was clearly within the power of the Legislature to so enact. It would be a strange law, even if not unconstitutional, which would permit a physician engaged in the business of a druggist to prescribe intoxicating liquors for his patients to be drunk at his place of business, and would deny the same privilege to other persons not physicians

State v. Finney.

engaged in the same business. Furthermore, it would seem that a person whose health would permit him to go to a drugstore to get intoxicating liquors upon the prescription of his physician, would also permit him to take it or remove it from that place after having obtained it to drink it.

As to the right of the State to absolutely prohibit the manufacture and sale of intoxicating liquors within its borders, and that such a prohibition is a lawful exercise of its police power, and is not in any way objectionable upon constitutional grounds, is no longer a debatable question; and this being so, we are unable to see why it may not, in the exercise of the same power, prohibit intoxicating liquors from being drunk at the place of business of druggists by whom sold; for it must logically follow if their manufacture and sale can be prohibited, a druggist who sells them may also be prohibited from permitting them to be drunk on his premises. Whether the law would be upheld with respect to sales made elsewhere, and the liquors taken to and drunk upon the premises of a druggist who did not sell them, in a prosecution against such druggist, is not involved in this case, as the agreed statement of facts shows that the beer in question in the case at bar was sold by defendant as a druggist, and drunk upon his premises by his permission.

The statute applies to druggists and dealers in drugs and medicines, and the fact that a person engaged in such business is a practicing physician does not make it a special law. It applies to all druggists and dealers in drugs and medicines alike, and is neither local nor class legislation, and is not in conflict with the Constitution.

The judgment is affirmed. All concur.