## GORDON v. CORNING ET AL.

[No. 21,560. Filed June 9, 1910.]

1. INTOXICATING LIQUORS.—*Right to Sell.*—*Legal Regulation.*—The right to sell liquor may be regulated by law. p. 340.

2. INTOXICATING LIQUORS.—*Remonstrances.*—*Jurisdiction.*—A finding by the board of commissioners that a sufficient remonstrance has been filed against the granting of a license to retail liquors, ends the jurisdiction of the board therein. p. 341.

3. INTOXICATING LIQUORS.—*Local Option Elections.*—*Jurisdiction of Boards.*—Where a majority of the voters at a county local option election favor prohibiting the sale of liquor, the board of commissioners has no jurisdiction to grant a license to sell. p. 341.

4. COURTS.—*Boards of Commissioners.*— *Jurisdiction.*— *Legislative Control.*—The legislature may clothe boards of commissioners with whatever jurisdiction it desires them to have.  p. 341.

5. INTOXICATING LIQUORS.— *Licenses.*— *Statutes.*—*Implications.*—A statutory provision giving the right to grant licenses to retail liquors under certain conditions does not impliedly give the right to grant licenses under other conditions.  p. 341.

6. CONSTITUTIONAL LAW.— *Statutes.*— *Local.*— *General.*—*Local Option.*—The county local option law (Acts 1908 [s. s.] p. 4) is not a local law, but operates generally throughout the State.  p. 342.

7. COURTS.—*Boards of Commissioners.*—*Jurisdiction.*—The jurisdiction of the boards of commissioners is wholly statutory.  p. 342.

8. APPEAL.—*Statutory Rights.*—Appeals may be denied as to rights granted wholly by statute.  p. 342.

9. CONSTITUTIONAL LAW.—*Due Process.*—*Deprivation of Property or Natural Rights.*—*Appeal.*—Citizens may not be deprived of their property or natural rights without a hearing in court, but the right of appeal from the decision rendered does not necessarily exist.  pp. 342, 344.

10. INTOXICATING LIQUORS.— *Right to Sell.*— *Character of.*— No person has an inherent, or natural right to sell intoxicating liquors.  pp. 343, 344.

11. CONSTITUTIONAL LAW.—*Immunities of Citizens.*—*Selling Intoxicating Liquors.*—The right to sell intoxicating liquors is not a constitutional privilge or immunity of a citizen, nor is such right guaranteed by any bill of rights.  p. 343.

12. INTOXICATING LIQUORS.—*Local Option Elections.*—*Right to Contest.*—*Quo Warranto.*—No person, in the absence of a statute, has a right to contest a county local option election, *quo warranto* being the common-law method of contesting an election.  p. 343.

13. JURY.—*Right of Trial by.*—*Election Contests.*—Unless given by statute, parties to an election contest have no right to a trial by jury.  p. 344.

14. CONSTITUTIONAL LAW.— *Validity of Statute.*— *Questioning.*— *Voters.*—A voter, as such, cannot question the validity of a statute that does not affect his personal or property rights.  p. 344.

15. INTOXICATING LIQUORS.— *Licenses.*— *Revocation.*— *Contracts.*— No property right exists in a license to sell liquor, and the legislature may revoke, alter, or impair such license at its pleasure.  p. 344.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Suit by Joseph I. Gordon against Lucian F. Corning and others.  From a judgment for defendants, plaintiff appeals. *Affirmed.*

*A. J. Padgett, Alvin Padgett* and *Gardiner, Tharp & Gardiner,* for appellant.

MYERS, J.—On December 8, 1908, appellant procured a license from the Board of Commissioners of the County of Daviess to sell intoxicating liquors to be drunk as a beverage. On February 23, 1909, pursuant to an election held under the local option law (Acts 1908 [s. s.] p. 4), a majority of the legal voters voted against licensing the sale of intoxicating liquors as a beverage in that county. Appellant, on April 20, 1909, instituted a proceeding for an injunction against appellees, alleging that he (appellant) had invested $3,000 in furniture and fixtures, and $2,000 in stock, and had built up a lucrative business, profiting him $200 a month, and that he had at all times conducted the business in a lawful and orderly manner; that appellees, as peace officers, claiming that appellant's license would expire at the end of ninety days from the date of such election, to wit, May 23, were threatening to, and would unless restrained, by force interfere with, molest and disturb him from carrying on his business, and he would be forced to close it, to his great and irreparable loss; that they were acting upon the belief that the act of 1908 is a valid law, whereas it is invalid and unconstitutional. The sole question urged here is the unconstitutionality of said act of 1908.

There is no brief for appellees. We restrict this decision to the questions presented by appellant, and they have all been determined by this court, since this appeal was perfected, in the case of *McPherson* v. *State* (1910), *ante,* 60, except that in that case the question as to the effect upon the jurisdiction of boards of commissioners of a county local option election, wherein a majority voted against the licensing of saloons, was not elaborated, except in the dissenting opinion, and it is here insisted that the act is unconstitutional, because, with a general right of application for license. and a general right of appeal under the act of 1908,

*supra,* boards are devested of the right to hear or consider applications, or, in the language of counsel, "the act of 1908 does not create any conditions on which the exercise of that right depends, but entirely prohibits the exercise of that right. There is a very broad distinction between prohibition and limitation." The case of *Cain* v. *Allen* (1907), 168 Ind. 8, is cited in support of appellant's contention on this point. We do not understand that case as declaring a rule in conflict with *McPherson* v. *State, supra.* Under the rule in the case of *Cain* v. *Allen, supra,* the board is required and authorized to take jurisdiction of the proceeding, to the extent of determining whether a remonstrance has been signed by the requisite number of legal voters, and, having so determined, jurisdiction to grant a license is denied, subject to the right of appeal; but in the case of *Hoop* v. *Affleck* (1904), 162 Ind. 564, this court said: "The board of commissioners, being a creature of the legislature, has only such judicial power or jurisdiction as that body has seen proper to give, and may exercise that given only upon the terms and conditions prescribed. * * * If it is found that the remonstrance is in due form and adequately signed, the finding, *ipso facto,* defeats the further jurisdiction of the board in the same sense that an affirmative finding on a plea in abatement will defeat jurisdiction."

It must be borne in mind that there is no such natural, inherent or inalienable right to sell intoxicating liquors that it may not be regulated by law. *McClanahan* v. *Breeding* (1909), 172 Ind. 457, and cases cited; *Preston* v. *Drew* (1852), 33 Me. 558, 54 Am. Dec. 639; *Lincoln* v. *Smith* (1855), 27 Vt. 328; *State* v. *Paul* (1858), 5 R. I. 185; *State, ex rel.,* v. *Aiken* (1894), 42 S. C. 222, 20 S. E. 221, 26 L. R. A. 345; *City of New Orleans* v. *Smythe* (1906), 116 La. 685, 41 South. 33, 6 L. R. A. (N.*S.) 722, 114 Am. St. 566; *Mugler* v. *Kansas* (1887), 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; *Guy* v. *Commissioners,*

*etc.* (1898), 122 N. C. 471, 29 S. E. 771; *State* v. *Allmond* (1858), 2 Houst. (Del.) 612; *Oviatt* v. *Pond* (1861), 29 Conn. 479; *State* v. *Wheeler* (1856), 25 Conn. 290.

2. The finding that a sufficient remonstrance had been filed, absolutely denies jurisdiction to grant a license irrespective of all other questions. *Behler* v. *Ackley* (1909), 173 Ind. 172.

3. The act of 1908, *supra,* goes a step further, and in case of an adverse election, denies jurisdiction in the board, to hear or consider applications for license. It cannot be denied that the legislature may determine what jurisdiction it will give to such inferior tribunals as boards of commissioners. *State, ex rel.,* v. *Board, etc.*

4. (1908), 170 Ind. 595; *State, ex rel.,* v. *Hart* (1896), 144 Ind. 107, 33 L. R. A. 118; *Board, etc.,* v. *Allman* (1895), 142 Ind. 573, 39 L. R. A. 58; *Gavin* v. *Board, etc.* (1885), 104 Ind. 201.

2. In case of remonstrance, the board may determine whether the remonstrance is signed by the requisite number of legal voters. That it must do for itself. But the legislature has gone further in the act of 1908, *supra,*

3. and determined that question for it, in case of an adverse vote; that is, an adverse vote shall devest jurisdiction unless the *prima facie* case made by the return is overthrown.

5. It does not follow, because there is jurisdiction to hear, and grant or refuse a license under some conditions, that the same power to hear, and grant or refuse exists under all conditions, or under the conditions which the legislature has said shall preclude license. It is not because of any power or lack of power in the board to hear the question, but because the law itself fixes a

3. status, not of any individual, but of all persons. It is precisely the same question, in another form, as that presented by the claim that laws cannot go into effect,

or be suspended by any other will than that of the legislature. It is the fiat of the law, and not the vote of the people, which declares the result. *McPherson* v. *State, supra; State, ex rel.,* v. *Court of Common Pleas* (1872), 36 N. J. L. 72, 13 Am. Rep. 422; *State, ex rel.,* v. *Pond* (1887), 93 Mo. 606, 6 S. W. 469; *Locke's Appeal* (1873), 72 Pa. St. 491, 13 Am. Rep. 716.

The same thing is true with respect to the claim that such laws are local or lacking uniformity. They are general, and operate alike everywhere in the State. *State, ex rel.,* v. *Pond, supra; Ex parte Swann* (1888), 96 Mo. 44, 9 S. W. 10; *Gordon* v. *State* (1889), 46 Ohio St. 607, 23 N. E. 63, 6 L. R. A. 749; *State* v. *Judge, etc.* (1888), 50 N. J. L. 585, 15 Atl. 272, 1 L. R. A. 86.

The board of commissioners is a tribunal whose powers and jurisdiction are statutory, and its powers may be enlarged or curtailed as the legislature may see fit. Such boards have only such powers of a local, administrative character as the General Assembly may confer upon them. Const. Art. 6, §10.

The proceeding being purely statutory, there is not necessarily a right to an appeal. Such right of appeal does not exist with respect to a property, or natural right which may be within the due process of law, and privileges and immunities clauses of the federal Constitution, but there must be an opportunity for a hearing before some tribunal at some stage of the proceeding. *Jordan* v. *City of Evansville* (1904), 163 Ind. 512, 67 L. R. A. 613; *Public Clearing House* v. *Coyne* (1904), 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092; *Reetz* v. *Michigan* (1903), 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; *Pittsburgh, etc., R. Co.* v. *Backus* (1894), 154 U. S. 421, 14 Sup. Ct. 1114, 38 L. Ed. 1031; *Giozza* v. *Tiernan* (1893), 148 U. S. 657, 13 Sup. Ct. 721, 37 L. Ed. 599.

There being no inherent or natural right to sell intox-

icating liquors, its regulation is wholly within the
10. police powers of the state. *State* v. *Finney* (1903),
178 Mo. 385, 77 S. W. 992; *Koepke* v. *State* (1903),
68 Neb. 152, 93 N. W. 1129; *Sopher* v. *State* (1907), 169
Ind. 177, 14 L. R. A. (N. S.) 172.

The right to sell intoxicating liquors is not one of the
privileges or immunities of citizenship guaranteed by the
Constitution, nor is it within any of the bills of
11. rights. *State* v. *Gerhardt* (1896), 145 Ind. 439, 450,
451, 33 L. R. A. 313; *State* v. *Gulley* (1902), 41 Or.
318, 70 Pac. 385; *Mulligan* v. *United States* (1903), 120
Fed. 98, 56 C. C. A. 50; *Ex parte Finnegan* (1903), 27 Nev.
57, 71 Pac. 642; *People* v. *Werner* (1903), 174 N. Y. 132,
66 N. E. 667; *Banks* v. *State* (1903), 136 Ala. 106, 34 South.
350; *Hamer* v. *People* (1902), 104 Ill. App. 555; *Sweeney*
v. *Webb* (1903), 33 Tex. Civ. App. 324, 76 S. W. 766; *Rip-
pey* v. *State* (1903), 73 S. W. (Tex.) 15; *Gray* v. *State*
(1903), 44 Tex. Crim. 470, 72 S. W. 169; *Jenkins* v. *State*
(1903), 82 Miss. 500, 34 South. 217; *Webster* v. *State*
(1903), 75 S. W. (Tenn.) 1020.

It is not, therefore, essential, in order that such county
local option act be constitutional, that there should be a right
of contest or of appeal, and the return of the election
12. commissioners may be made final. The right to con-
test an election is not a common-law right. The com-
mon-law right is by *quo warranto*. *Weakley* v. *Wolf*
(1897), 148 Ind. 208; *Gass* v. *State, ex rel.* (1870), 34 Ind.
425; *Fowler* v. *Gable* (1893), 3 Pa. Dist. Rep. 23; *Shindler*
v. *Floyd* (1904), 118 Ky. 468, 81 S. W. 668; *Ogburn* v. *El-
more* (1905), 123 Ga. 677, 51 S. E. 641; *Skrine* v. *Jackson*
(1884), 73 Ga. 377; *Caldwell* v. *Barrett* (1884), 73 Ga. 604;
*State, ex rel.,* v. *Dortch* (1889), 41 La. Ann. 846, 6 South.
777; *Savage* v. *Wolfe* (1881), 69 Ala. 569; Cooley, Const.
Lim. (7th ed.) 937.

And where there is a right of contest, given by statute,

there is no right to a jury trial, unless it is conferred by the statute. *Pedigo* v. *Grimes* (1888), 113 Ind. 148; *Corey* v. *Lugar* (1878), 62 Ind. 60.

The basis of the right of contest of elections generally, and of appeal, is a property right or a personal right, such as the right to an office; and as the right to sell intoxicating liquors is neither, there is no constitutional limitation requiring opportunity for contest, or appeal, and the legislative fiat is conclusive. Those engaged in the traffic cannot, by the denial of the right of sale, bring themselves within the Constitution as affected either in a property right or a personal right; and a mere voter, as such, cannot question the constitutionality of an act which does not affect him in a property or in a personal right. *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 14 L. R. A. (N. S.) 418; *Board, etc.,* v. *Reeves* (1897), 148 Ind. 467; *Currier* v. *Elliott* (1895), 141 Ind. 394; *Henderson* v. *State, ex rel.* (1894), 137 Ind. 552, 24 L. R. A. 469.

There is no vested property right in a license to sell intoxicating liquor, and the revocation of the license by a local option election does not deprive the holder of any contract or constitutional right. *State* v. *Harrison* (1904), 162 Ind. 542; *State* v. *Gerhardt, supra; Schwuchow* v. *City of Chicago* (1873), 68 Ill. 444; *Brown* v. *State* (1888), 82 Ga. 224, 7 S. E. 915; *Sprayberry* v. *City of Atlanta* (1891), 87 Ga. 120, 13 S. E. 197; *Trost* v. *State* (1886), 64 Miss. 188, 1 South. 49; *Martin* v. *State* (1888), 23 Neb. 371, 36 N. W. 554; *Pleuler* v. *State* (1881), 11 Neb. 547, 10 N. W. 481; *Fell* v. *State* (1874), 42 Md. 71, 20 Am. Rep. 83; *Commonwealth* v. *Brennan* (1869), 103 Mass. 70; *Calder* v. *Kurby* (1856), 5 Gray 597; *Metropolitan Board, etc.,* v. *Barrie* (1866), 34 N. Y. 657; *Reithmiller* v. *People* (1880), 44 Mich. 280, 6 N. W. 667; *In re Estate of Buck* (1898), 185 Pa. St. 57, 39 Atl. 821, 64 Am. St. 616.

The judgment is affirmed.