THE PEOPLE <em>against</em> BUTLER.

AT the last Oyer and Terminer of *Oneida*, the defendant was convicted on an indictment, which set forth, that, on the 9th *March*, 1824, at &c. a certain indictment was found and presented, in due form of law, in the Court of General Sessions of the Peace, then and there held before *Truman Enos* and *Samuel Jones, Esquires*, Judges of the County Court, in and for said county, and *Uriah Stephens, Esquire*, one of the Justices of the Peace of said county, and others their associates, all Justices assigned to keep the peace, and also to hear and determine, &c. by the first count of which said indictment, &c. it was charged and alleged that *Edmund But-*

The true construction of the statute, (*sess.* 42, *ch.* 246, *s.* 4,) providing that every person who shall be a second time convicted of petit larceny, shall be adjudged to imprisonment in the state prison, is, that the 2d offence must be committed after a conviction for the first, in order to warrant the enhanced penalty.

It is not enough that there be two successive petit larcenies by the same person, which are severally and successively prosecuted to conviction ; though the second indictment charge the first conviction as a part of the crime.

*ler*, late, &c. on the 1*st* day of *March*, A. D. 1824, with, &c. at, &c. one bag of the value of $1, the goods and chattels of, &c. then and there being, feloniously did steal take and carry away, to the great damage, &c. ; that by the 2d count of the said indictment, &c. it was charged and alleged, &c. that he received a bag and two bushels of corn, knowing them to be stolen, on the 1*st March*, 1824 ; that process issued, by which he was arrested and brought before the Court, on the 9*th March*, 1824, pleaded not guilty, and at the following Court of Sessions in *May*, 1824, was convicted, on his *relicta and cognovit* of the 1st count ; that a *nolle prosequi* was entered as to the 2d count, and that *Butler* was fined $10 ; that the said *Butler*, on the 1*st* day of *March*, A. D. 1824, with, &c. at, &c. one blanket of the value of $5, &c. the goods and chattels of, &c. then and there being, feloniously did steal, take and carry away, to the great damage, &c.

The record of the conviction upon this indictment being now brought here upon certiorari, the question was, whether the offence, as charged, was within the statute of 1819, (*sess.* 42, *ch* 246, *s.* 4.)

*Talcott*, (Attorney General.) The statute under which this conviction took place, provides, "that every person who shall, hereafter, be a second time, or oftener, convicted of petit larceny, shall be adjudged by the Court who may give judgment thereon to imprisonment in the state prison, &c. for any time not exceeding three years ;" and we contend that there is nothing in its phraseology which requires the second crime to have been committed after the first conviction. By recurring to other statutes, inflicting an increased punishment for a second offence, it will be seen that this was the sense of the Legislature. In cases where they intended that a conviction should precede the second offence they have said so. (1 *R. L.* 409, *s.* 5.) The 9th section of the same statute contains a provision worded like the one under consideration. Why should the Legislature express themselves in these two different ways in the same statute, unless they intended that the two phrases should have a different effect ? When they intend that the conviction shall be a part of the crime, they say so.

*C. P. Kirkland & J. A. Spencer*, for the prisoner. The act should be construed according to its spirit and intent, which undoubtedly was, that the conviction should precede the second offence. The mischief was a want of reformation by the first punishment. · The conviction was intended as evidence that the mild corrective for one offence had failed of its effect. The object can be attained in no other way than by waiting for the effect of the first punishment. Had the Legislature intended otherwise, it would have been easy to say, in terms, that a conviction for two offences shall subject to the punishment. Construe the act as contended for, by Mr. Attorney General, and a first and second indictment and conviction on the same day for two successive offences before committed, would make out the state prison offence. Two petit larcenies are to be punished in the state prison, or county gaol, at the election of the public prosecutor. The fate of the prisoner will depend upon the question whether both offences are charged in the same, or separate indictments. We are without any direct authority upon this question ; but it will be perceived that the revisors, in the marginal abstract of the two sections quoted by Mr. Attorney General, have put the same construction upon both. Though the prisoner comes within the general language of the statute, yet it is well established that this is to be controlled by the intent of the Legislature. It is the same as if they had declared that he should be punished in the state prison, for a *second offence* of the same kind. The same construction may be given to both cases. The latter has received the construction for which we contend. (*Jac. L. D. Convict*, 1. 1 *Hawk. ch.* 40, *s.* 3.) The first conviction should be, accordingly, stated in the indictment, and shewn to have preceded the second offence. (*id.*) *Dyer*, 323 *b.* states a case much like the present. The language of the statute, in that case, was, "*for a second offence, or second conviction*," as it appears from the reasoning of the Court. ·

Both these convictions are for a similar offence. The moral turpitude is the the same in both. Yet one, it is said, must be punished in the county, the other in the state pris-

ALBANY,
October, 1824.

The People
v.
Butler.

on. The provision, under consideration, was omitted in the revisal of 1813; but was made in 1819 to supply the deficiency. This, probably, arose from observing that petit larcenies were increasing in community, in consequence of the trifling punishment which followed. Can there be a doubt that the Legislature intended that the culprit should first hear the monitory voice of the law, before the heavier doom should be announced? The statute goes upon the sound maxim, that if gentle means will not avail, the more severe punishment shall be applied.

[WOODWORTH, J: Another consequence of the construction contended for by Mr. Attorney would be, that of two crimes, one committed now, and one six months hence, the punishment might be the greater for the first offence. To effect this, all you have to do is to indict and convict first for the second offence, and connect this with the first by a subsequent indictment and conviction. The offence which argues the greatest depravity receives in such a case the slightest punishment.]

Talcott, (Attorney General) in reply. It is conceded that the Legislature have power to punish, in the manner called for by a literal construction of this act; or that they may disregard the relative depravity of crimes in the manner stated by his Honor. So they may, at their pleasure, require a conviction to precede the second offence, before they demand the enhanced punishment. The case has been argued for the prisoner, as if conviction was the measure of guilt. Not so. It is only the evidence of it. No matter, then, whether the conviction be for the first or the second offence. The enhanced punishment is not for a single offence, in the case stated from the bench; but in all the cases supposed, it is for a series of offences, betraying a hardness and depravity in guilt, whether the second conviction be for the first or second offence. My construction, then, is not to be impugned because it works an unequal distribution of retributive justice. The act goes upon a disposition to repeat offences, which is the same whether before or after a conviction. The argument, that the punishment is at the

option of the prosecutor, proves too much. It would go against all punishments for a second offence, whether before or after conviction for the first ; for, in both cases, is the prosecutor to choose whether he will avail himself of the first conviction. In either case, he may omit it in the indictment ; and a punishment as for the single offence follows : so that, to follow up the argument, this Court must legislate all the like statutes out of existence.

This statute does not give room to apply the authorities cited upon the other side. I agree that where there is a doubt whether the Legislature may not have intended that the offence should be committed after a conviction, the benign construction shall prevail. When it speaks of a second offence, it shall accordingly be held to mean an offence after a conviction. But here the statute is a *second time*, not a *second offence*. The offences are no otherwise named than to designate the crime ; not a succession of trial and conviction. Your honors are asked to insert a clause to this effect, because it is done in some other acts. But there is no more to require this than there is for putting in any reasonable clause in any other act. If absurd consequences follow its omission, the Court will lean against them. But, upon what principle can it be maintained that the Legislature have left the act to be departed from in respect to its plain provisions ?

*Curia*, per SAVAGE, Ch. J. The language of this statute, upon which we are asked to put a construction, has prevailed in various acts, through a series of revisals, and in relation to different offences. The statutes providing for the punishment of second offences, are worded differently ; some of them declaring, " that every person who shall be a second time duly convicted or attainted of any of the said felonies *committed after the said first conviction ;*" (*act of 26th March*, 1796, 3 *Greenleaf*, 160, s, 2 ;) sometimes, " shall be a second time, or oftener, duly convicted, or attainted," &c. (*id. s*. 4.)

Similar provisions passed into the act of *21st March*, 1801, (1 *K. & R.* 254, s. 4-5) and the act of the 19th *March*, 1813, (1 *R. L.* 409, 410, s. 5 & 13.)

ALBANY,
October, 1824.

A second offence of petit larceny not being provided for in the revision of 1813, the Legislature, in 1819, adopted the phraseology which had provided for this case in the old revisions. This act of 1819 is the one under consideration.

We think the difference of phraseology in these several statutes was entirely accidental ; that the Legislature meant the same thing in each, which is, that a conviction shall precede the second offence. The reasonable construction is given by *Hawkins.* (*P. C. ch.* 40, *s.* 3, and *Jac. L. D. tit. Convict,* 1) to which we were referred by the prisoner's counsel, where the rule is thus laid down—" When a statute makes a second offence felony, or subject to a heavier punishment than the first, it is always implied that such second offence ought to be committed after a conviction for the first ; for the gentler method shall first be tried, which, perhaps, may prove effectual."

The prisoner was sentenced to the county gaol of *Oneida,* for 6 months.

                                        Rule accordingly.