THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STEPHEN RAYMOND, Appellant.

The provision of the Penal Code (§ 688), increasing the punishment where the offense charged is a second offense, applies to cases where the first offense was committed before said Code went into effect. The first offense is not made an element of or included in the second, but is simply a fact in the past history of the criminal to be taken into consideration in prescribing punishment therefor. The provision, therefore, is not limited in its application by the provision of said Code declaring that none of its provisions apply to an offense committed or act done before it went into effect. (§ 719.)

The provision first mentioned is not limited to cases where the second conviction is for an offense of the same character and grade as that which resulted in the first.

Where, therefore, defendant was convicted of the crime of forgery in the first degree, charged as a second offense, and it appeared that he had been previously convicted of forgery in the third degree, *held,* that as the " subsequent crime was one which, upon a first conviction, might be punished in the discretion of the court by imprisonment for life " (§ 523), it being the second conviction such a punishment was imperative. (§ 688, subd. 1.)

(Argued April 21, 1884; decided April 29, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 21, 1884, which affirmed a judgment of the Court of General Sessions in and for the city and county of New York, entered upon a verdict convicting the defendant of the crime of forgery in the first degree, in altering and disposing of, with intent to defraud, a certain altered coupon issued by the Union Pacific Railroad Company. The defendant was sentenced to imprisonment for life. (Reported below, 32 Hun, 123.)

The material facts are stated in the opinion.

*James Johnston* for appellant. No offense can be considered a second offense under the Penal Code, unless it appears that the first offense charged was a crime under the Code. (Penal Code, § 719; Cooley's Constitutional Limitations [4th ed.], 324, 325 326.

*John Vincent* for respondent. Section 688 of the Penal Code is not *ex post facto.* (*People* v. *Wood,* 53 N. Y. 511.) It was not necessary that the first offense should be a crime under the Penal Code. (Penal Code, §§ 719, 727.)

FINCH, J. Many of the objections taken to the conviction and sentence of the accused admit of brief answers. There was proof tending to show that the alleged altered coupon was in fact altered; enough at least to carry that question to the jury and sustain their verdict when rendered. That there was no evidence of an intent to defraud on the part of the prisoner is maintained on the ground that the railroad company could not be defrauded by the payment of their own coupon, although it had been stolen from the true owner. But the bonds and coupons were numbered and so could be identified, and the evidence warrants the inference that notice of the theft had been given, and a payment to the agent of the thief, induced by a forgery of the number, would expose the debtor to a second demand from the true owner. To the claim that the altered coupon was not put in evidence, the answer is that the fact is otherwise. It appears to have been attached to the indictment, was proved to have been one of the twelve in the prisoner's envelope, and was afterward made the subject of cross-examination by the prisoner's counsel. That no offense can be considered a second offense under the Penal Code unless it appears that the first offense charged is a crime under such Code by reason of section 719, and the first offense here was before the Code went into operation, is a contention without adequate foundation. The first offense was not an element of or included in the second, and so subjected to added punishment, but is simply a fact in the past history of the criminal, which the

law takes into consideration when prescribing punishment for the second offense. That only is punished.

The more important question, however, is the one which bred a difference of opinion at the General Term, and respects the validity of the sentence imposed on the prisoner. The proof showed that his first offense was forgery in the third degree, for which he was sentenced to imprisonment in the State prison for five years, which was the extreme limit of the penalty before the Code. His conviction in the present case was for forgery in the first degree for which, if a first offense, the penalty prescribed was imprisonment for not less than ten years and, therefore, might be for life. So much of section 688 of the Penal Code as is essential to our purpose provides that " a person, who, after having been convicted within this State of a felony * * *, commits any crime within this State, is punishable upon conviction of such second offense as follows : (1) if the subsequent crime is such that, upon a first conviction, the offender might be punished, in the discretion of the court, by imprisonment for life, he *must* be sentenced to imprisonment for life ; and (2) if the subsequent crime is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term prescribed upon a first conviction." Here the prisoner, after having committed a felony for which he had been convicted, committed the crime of forgery in the first degree. That became in his case what the Penal Code denominates the " subsequent crime." That is of such character that if it was a first conviction of the prisoner he might be punished in the discretion of the court by imprisonment for life, but having been previously convicted of a felony the statute makes the life penalty no longer discretionary, but imperative. The trial court so held and the General Term approved. The dissenting opinion and the argument here go on the ground that section 688 was meant only to provide for cases where the second conviction was for an offense of the same character and grade as

that which resulted in the first. The principal reason assigned is that by the Code, "petit larceny," which is now but a misdemeanor, may have constituted the first offense, and that the legislature could not have intended that because of a previous misdemeanor a subsequent felony should involve necessarily an imprisonment for its longest term. But the very next section (689) shows exactly that intention. It reads, "a person, who, having been convicted within this State of a misdemeanor, afterward commits and is convicted of a felony, must be sentenced to imprisonment for the longest term prescribed for the punishment upon a first conviction for the felony." The language of the Code makes no reference to second offenses of the same character or grade with the first. It contains no such limitation, and we think none such was intended. Its reason was obviously independent of any such similarity. That the accused has already been convicted of a felony or an attempt to commit one, or of a "petit larceny," shows that punishment has done him no good; that no reformation was effected; that he is a persistent criminal, toward whom mercy is misplaced; and by reason of this character of the man, thus shown by his conduct, greater severity of punishment is prescribed. The reason is the same whether both crimes are of similar character, or of the same grade, or not. Both are crimes, and the perpetration of the second, however different, shows such a persistence in evil, such a continued criminality, as to justify and make prudent a severer penalty than should be inflicted upon a first offender. If we adopted the construction sought, a prisoner might have been convicted of many felonies, and yet by judicious changes from one to another, or running up or down the different grades, escape entirely the penalty of a second offense.

We think no error was committed and the judgment should be affirmed.

All concur.

Judgment affirmed.