# 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

## STOVER v. COMMONWEALTH.

### SEPTEMBER 19, 1895.

1. CRIMINAL LAW—*Petit Larceny—Successive Convictions—Sections 3906 and 3907 of Code.*—The punishment prescribed for the third, or any subsequent, conviction of petit larceny, is regulated by section 3907 of the Code. Section 3906 does not apply to successive convictions of petit larceny, but must be read in connection with section 3905, which applies to offences which are felonies in themselves, punishable by confinement in the penitentiary, and not made so because of prior convictions of a less offence.

2. CRIMINAL LAW—*Appellate Court—Admission of Evidence — Harmless Error.*—The appellate court will not reverse the judgment of the trial court for alleged errors in the admission of evidence, when it is apparent that the accused was not, and could not have been, prejudiced thereby.

3. CRIMINAL LAW—*Plea of "Not Guilty" Puts Sanity of the Accused in Issue.*—The sanity of one accused of crime is put in issue by his plea of "not guilty," and a verdict of "guilty" is a finding that the accused was sane at the time the offence was committed.

Error to a judgment of the Hustings Court of the city of Staunton, rendered March 21, 1895, sentencing the plaintiff in error to confinement for life in the penitentiary.

*Reversed.*

The first count of the indictment charged the plaintiff in error with the larceny of " one piece of bacon of the value of thirty-seven and a half cents."

The second and third counts of the indictment are as follows :

" And the jurors aforesaid, upon their oath aforesaid, do further present that the said Joshua H. Stover has been three times before convicted and sentenced for like offences in the United States, to-wit, petit larceny, to-wit: That on the 26th day of April, 1882, and before the commission of the offence hereinbefore charged, in the State of Virginia, before Thomas A. Gordon, a justice of the peace for the city of Staunton, the same being then and there a court of competent jurisdiction in the premises, the said Joshua H. Stover was, by the name of Joshua Stover, convicted and sentenced for petit larceny. And that on the 8th day of August, 1882, and before the commission of the offence hereinbefore charged, in the State of Virginia, in the Mayor's Court for the city of Staunton, the same being then and there a court of competent jurisdiction in the premises, the said Joshua H. Stover was, by the name of Joshua Stover, convicted and sentenced for petit larceny, the latter being a separate offence from that for which he was convicted and sentenced on the said 26th day of April, 1882, the said second offence of petit larceny having been committed after the said conviction for the said first offence of petit larceny aforesaid. And that on the 20th day of November, 1882, and before the commission of the offences hereinbefore charged, in the State of Virginia, in the Mayor's Court for the city of Staunton, the same being then and there a court of competent jurisdiction in the premises, the said Joshua H. Stover was, by the name of Joshua Stover, convicted and sentenced for petit larceny, the latter being a separate offence from those for which he was convicted and sentenced on the said 26th day of April, 1882, and the said 8th day of August, 1882, the said third offence of petit larceny having been committed after the said convictions for the said first and second offences of petit larceny aforesaid. And that on the 3d day of August, 1885, and before the commission of the offence hereinbefore charged, in the State of Vir-

ginia, in the Mayor's Court for the city of Staunton, the same
being then and there a court of competent jurisdiction in the
premises, the said Joshua H. Stover was, by the name of
Joshua Stover, convicted and sentenced for petit larceny, the
latter being a separate offence from those for which he was
convicted and sentenced on the said 26th day of April, 1882,
and on the said 8th day of August, 1882, and on the said 20th
day of November, 1882, the said fourth offence of petit lar-
ceny having been committed after the said convictions for the
said first and second and third offences of petit larceny
aforesaid.

" And the jurors aforesaid, upon their oaths aforesaid, do
further present that the said Joshua H. Stover has been twice
before convicted and sentenced in the United States to con-
finement in the penitentiary, to-wit: That on the 11th day of
May, 1883, and before the commission of the offence first
hereinbefore charged, in the State of Virginia, in the Hust-
ings Court for the city of Staunton, the same being then and
there a court of competent jurisdiction in the premises, the
said Joshua H. Stover was, by the name of Joshua Stover,
convicted and sentenced to confinement in the penitentiary
for having been three times convicted of petit larceny; and
that on the 10th day of March, 1887, and before the commis-
sion of the offence first hereinbefore charged, in the State of
Virginia, in the Hustings Court for the city of Staunton, the
same being then and there a court of competent jurisdiction
in the premises, the said Joshua H. Stover was, by the name
of Joshua Stover, convicted and sentenced to confinement in
the penitentiary for having been three times before convicted
for petit larceny, the latter being a separate offence from that
for which he was convicted and sentenced to the penitentiary
on said 11th day of May, 1883."

Upon the trial the jury rendered the following verdict:

" We, the jury, find the prisoner guilty of petit larceny, as charged in the within indictment; and we, the jury, further find that the accused has been twice before convicted and sentenced for petit larceny in the United States.

" We, the jury, fix his imprisonment at confinement in the penitentiary house of this Commonwealth for the term of one year; and we, the jury, further find that the accused has been twice before convicted and sentenced in the United States to confinement in the penitentiary."

Upon this verdict the court entered judgment that the plaintiff in error " be imprisoned in the penitentiary house of this Commonwealth for the term of one year, as ascertained by the verdict of the jury; and the jury having found, as shown by its verdict, that the prisoner has been heretofore twice sentenced to confinement in the penitentiary in the United States, this court sentences him now to confinement in the penitentiary for life."

*R. Lockhart Gray*, for the plaintiff in error.

*Attorney-General R. Taylor Scott*, for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The accused was indicted for petit larceny in the Hustings Court of the city of Staunton. The indictment, in addition to the charge of petit larceny, contained the further allega tions that the accused had, before the commission of the offence for which he was then indicted, been convicted of like offences four times, and sentenced therefor; that after these four convictions, and prior to the commission of the offence charged in the indictment, he had been twice convicted and sentenced to confinement in the penitentiary in the United States for offences of like character.

The jury found that he was guilty of the offence charged in the indictment, and that he had, before the commission of that offence, been twice convicted and sentenced for like offences.   They also found that he had twice before been convicted and sentenced to confinement in the penitentiary in the United States.

The trial court, being of opinion that the allegations of the indictment and the findings of the jury brought the case within the provisions of section 3906 of the Code, sentenced the accused to confinement in the penitentiary for life.   This action of the court is assigned as error.

Section 3906 of the Code provides that "when any such convict shall have been twice before sentenced in the United States to confinement in the penitentiary, he shall be sentenced to be confined in the penitentiary for life."   The preceding section of the Code, and the one to which we must look for the meaning of the words " *such convict* " provides that " where any person is convicted of an offence, and sentenced to confinement therefor in the penitentiary, and it is alleged in the indictment on which he is convicted, and admitted, or by the jury found, that he had before been sentenced in the United States to a like punishment, he shall be sentenced to be confined five years in addition to the time to which he is or would be otherwise sentenced."   This section shows, we think, that the words " *such convict*," as used in section 3906, refers to a person who has been twice before indicted, convicted, and sentenced to confinement in the penitentiary in the United States for offences which are penitentiary offences in themselves when committed, and not made so because of repeated convictions and sentences for offences which would otherwise be misdemeanors.   In other words, we do not think that under sections 3905 and 3906 of the Code any person can be sentenced to confinement in the penitentiary for life upon conviction of an offence which is pun-

ishable by confinement in the penitentiary because he has been twice before convicted and sentenced to confinement in the penitentiary, unless it appears that these offences were felonies in themselves and not made felonies in the particular case because of the prior conviction of the party accused. This view is strengthened by the prior legislation upon this subject.

The law of 1796 (Code 1803, ch. 200, p. 355) which provided, among other things, for the establishment of the penitentiary and the abolition of capital punishment (except for murder in the first degree), declared, in the 24th section, that " If any person convicted of any crime which is now *capital* or a *felony* of death without benefit of clergy shall commit any such offence a second time, and shall be legally convicted thereof, he shall be sentenced to undergo an imprisonment in said penitentiary house at hard labor for life," &c., &c.

In the 13th section, ch. 171, of 1 Rev. Code of 1819, p. 619, it is provided that " If any person guilty of an offence punishable by *confinement* in the *penitentiary* shall have been convicted thereof, &c., and shall afterwards commit any other offence which, by law, if there had been no previous conviction, would have been punishable with confinement in the penitentiary for a period not less than five years, every such offender, being thereof lawfully convicted, shall be punished by confinement in said penitentiary for life."

These provisions have been in various respects modified by subsequent legislation, but in none of the changes made, so far as we can ascertain, is there any such change in the language used as to show an intention on the part of the Legislature to alter or dispense with the requirement that the original offence (upon which are based the subsequent proceedings which result in a life sentence in the penitentiary) must be a felony, or a crime punishable by confinement in the penitentiary because of the character of the offence and

not because of the character of the offender. This construc-
tion of these sections of the Code seems to be not only the
natural and proper one from their language and history, but
it avoids bringing them in conflict with the next section (3907)
of the Code. That section provides that " when any person
is convicted of petit larceny, and it is alleged in the indict-
ment on which he is convicted, and admitted, or by the jury
or justice before whom he is tried, found, that he has been
before sentenced in the United States for the like offence, he
shall be confined in jail not less than thirty days, nor more
than one year; and for a third, or *any subsequent offence*, he
shall be confined in the penitentiary not less than one nor
more than two years." If it be held, as was done by the trial
court, that a party, who has been convicted and sentenced to
confinement in the penitentiary twice before for petit larceny,
can, upon a third conviction for the same offence, be sentenced
to the penitentiary for life, that portion of section 3907 which
provides that " for a third, or *any subsequent offence*, he shall
be confined in the penitentiary not less than one year nor
more than two years," is rendered inoperative after he has
been convicted and sentenced to the penitentiary twice for
petit larceny; for then his punishment would no longer be
controlled by section 3907, but by section 3906.

By holding that sections 3905 and 3906 of the Code do not
apply to convictions for petit larceny and sentences to the
penitentiary therefor, but that such cases are governed by
section 3907, the different provisions of these statutes are
reconciled, and they are made consistent and harmonious.
And thus a result is reached which one of the cardinal rules
of construction makes it the duty of courts to accomplish, if
possible, in construing it.

It is also assigned as error that the court refused to exclude
from the consideration of the jury the evidence introduced to
prove that the accused had been convicted and sentenced to

the penitentiary on the 16th day of November, in the year 1887, because the allegation of the indictment was that such conviction and sentence was on the 10th day of that month, and there was, therefore, a variance between the time alleged and the time proved.

It is unnecessary to decide this question, whether there was a variance, as that evidence was wholly immaterial in the view we have taken of this case. Its admission did not prejudice the accused. The jury fixed his term of confinement in the penitentiary at one year, the shortest period which they could fix. Their verdict was clearly and fully sustained by the material and legitimate evidence introduced. An appellate court does not reverse the trial court for errors in the admission of evidence when it can clearly see that no prejudice did or could result therefrom to the accused.

Neither is it necessary to consider the assignments of error based upon the action of the court in sentencing the accused to confinement in the penitentiary for life, since that action of the court was erroneous and must be reversed.

The instructions given by the court upon the subject of the prisoner's insanity correctly stated the law to the jury, under the facts of this case, and this assignment of error to the action of the court in giving and refusing instructions upon this point must be overruled.

The court properly refused, after the verdict of the jury had been rendered, to empanel another jury to determine the sanity of the accused. That question had been directly put in issue upon the trial of the case, and the jury, in finding him guilty of the offence charged, necessarily found that he was sane when it was committed. Nothing had transpired since the trial which could cause the court to have any reasonable doubt as to his sanity, or authorize it to proceed under section 4032 of the Code. The after-discovered evidence relied on upon the motion for a new trial was plainly insuffi-

cient under the well-settled rules of this court. It was merely cumulative. No sufficient reason was shown why these alleged after-discovered witnesses could not have been produced at the trial. The Hustings Court did not err in overruling the motion for a new trial.

We see no error in the proceedings of the Hustings Court prior to its action upon the verdict of the jury. In sentencing the accused to confinement in the penitentiary for life it erred, and for this error its judgment must be reversed, and the cause remanded to the said Hustings Court, with directions to it to enter judgment in accordance with the verdict of the jury, which fixed his term of confinement in the penitentiary at one year.

*Reversed.*

The following order was entered in the case :

This day came again as well the plaintiff in error, by his attorney, as the Attorney-General, on behalf of the Commonwealth, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said Hustings Court erred in sentencing the accused, the said Joshua H. Stover, to confinement in the penitentiary for life. Therefore it is considered that the said judgment be reversed, and the cause is remanded to the said Hustings Court with directions to it to enter judgment in accordance with the verdict of the jury which fixed the prisoner's term of confinement in the penitentiary at one year. Which is ordered to be forthwith certified to the said Hustings Court of the city of Staunton.

A copy.—Teste :

Jos. A. WADDELL, Clerk.