## SUPREME COURT—APP. DIVISION—FIRST DEPT.,

### May 31, 1912.

### THE PEOPLE v. SAMUEL ROSEN.

#### (150 App. Div. 595.)

(1) BURGLARY—HABITUAL CRIMINALS.

Although an indictment for the crime of burglary did not charge the defendant as a second offender, the court after a plea of guilty may determine on competent evidence that the defendant had been previously convicted of a felony, may adjudge him an habitual criminal and may impose sentence upon him as such. The fact that the indictment does not charge the defendant as a second offender does not require the court to impose an indeterminate sentence under section 2189 of the Penal Law.

(2) SAME—INDICTMENT.*

A person who has committed a crime may be indicted either as a first or second offender. If indicted as a second offender, there must be proof before the jury of the first conviction and then the provisions of the Code as to the sentence of the second offender apply. But if such person be indicted as a first offender and after conviction the court determines that he has been actually convicted of a prior felony, the court may adjudge him an habitual criminal and he is not entitled to an indeterminate sentence.

McLAUGHLIN, J., dissented, with opinion.

APPEAL by the defendant, Samuel Rosen, from a judgment of the Court of General Sessions of the Peace in and for the county of New York, rendered against the defendant on the 25th day of May, 1910, convicting him of the crime of burglary and also from the indictment.

*John P. Judge,* for the appellant.

*Robert S. Johnstone,* Assistant District Attorney, for the respondent.

---

* See Note on Indictment, 22-454.

INGRAHAM, P. J.:

The defendant served a notice of appeal "from the indictment and the judgment of sentencing me to a term of 30 years in States prison for a crime of burglary, which was rendered against me on May 25th, 1910. * * * That the defendant hereby appeals from each and every part of the said indictment and sentence." No case on appeal seems to have been made and settled, but the record upon which the appeal was presented contains the indictment in the Court of General Sessions of the Peace whereby the appellant and one Kramer were indicted for the crime of burglary in the first degree. It appears from the indorsements on this indictment that on May 20, 1910, the appellant pleaded guilty to burglary in the first degree and on May 25, 1910, he was sentenced to thirty years in the State prison and adjudged an habitual criminal, and under that indorsement appears the initials of a judge of the Court of General Sessions. There are further indorsements on the indictment that the defendant was aged twenty-one, and as to his nativity, occupation, etc., and then the following: "before convicted, 1908 General Sessions, Elmira Ref. G. L.," the letters " G. L." presumably relating to grand larceny. There is then printed an extract from the minutes of the court, which is in substance a judgment. It recites that a Court of General Sessions of the Peace of the city and county of New York, on the 25th day of May, 1910, present Honorable James T. Malone, judge of the Court of General Sessions, justice, wherein " it is ordered and adjudged by the court that the said Samuel Rosen, for the felony aforesaid, whereof he is convicted, be imprisoned in the State prison, at hard labor, for the term of thirty years, and the defendant is hereby adjudged an habitual criminal." There is no other record of the conviction or plea before us. We must assume that these indorsements are correct; that the defendant plead guilty to this indictment; that he was sentenced to the State prison for thirty years, and that the appellant had been

before convicted in 1908, at the Court of General Sessions, of grand larceny, had been sentenced to the Elmira Reformatory. It is claimed that this judgment was erroneous, in that the defendant was not indicted as a second offender under the Code of Criminal Procedure, and that not having been indicted as having been before convicted of a felony, he could only be sentenced under section 2189 of the Penal Law for an indeterminate sentence. In disposing of this appeal, we must assume that the defendant was indicted for the crime of burglary in the first degree, with no statement in the indictment that he had been before convicted of a felony; that he plead guilty to that indictment, and that it was established after the plea and before judgment that the defendant had been before convicted of a felony and sentenced to the Elmira Reformatory, and the court thereupon sentenced the defendant to thirty years in State prison and adjudged him to be an habitual criminal.

Article 90 of the Penal Law provides for the punishment to be inflicted upon habitual criminals. Section 1020 provides: "Where a person is hereafter convicted of a felony, who has been, before that conviction, convicted in this State, of any other crime, * * * he may be adjudged by the court, in addition to any other punishment inflicted upon him, to be an habitual criminal." And section 1021 provides for the supervision of the person of an habitual criminal. These same provisions are contained in the Code of Criminal Procedure, sections 510, 511, 512, 513 and 514, which provide for the supervision and punishment of a person who has been so adjudged. There is nothing in either of these sections as to the method by which it is to be determined whether or not a person so convicted has been before convicted, but these provisions seem to have been taken from the Habitual Criminal Act (Laws of 1873, chap. 357), and the sections of the Code of Criminal Procedure superseded that act. I think we must presume from this record that the court below determined upon sufficient evidence that this defendant had

been convicted of a felony prior to his indictment and conviction of the offense of burglary and that he came within these provisions of the Code of Criminal Procedure and the Penal Law as a person convicted of a felony who had been before that conviction convicted in this State of a crime. There is nothing in the sections of the Code of Criminal Procedure or of the Penal Law referred to which requires that this prior conviction should be charged in the indictment. What is required is that after a conviction the court should determine, upon competent legal evidence, that the person convicted of the crime had been before convicted of a crime and then the court was required to adjudge him an habitual criminal, and a person so convicted thereby became subject to certain supervision by magistrates and others, and to summary arrest in certain specified cases. These provisions having been a part of the Penal Code (§§ 690, 691), and Code of Criminal Procedure (supra), section 1941 of the Penal Law (formerly Penal Code, § 688) providing for the conviction and punishment of a second offender was enacted. It provides that " a person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or of petit larceny, or, under the laws of any other State, government, or country, of a crime which, if committed within this State, would be a felony, commits any crime, within this State, is punishable upon conviction of such second offense, as follows: " and then provides the punishment to which a person thus convicted as a second offender is subject. This provision, it seems to me, is entirely distinct from the provisions of section 1020 of the Penal Law or section 510 of the Code of Criminal Procedure. One provides for the indictment and trial of a person as a second offender, the other for a judgment of the court after the trial of a person indicted and convicted as a first offender but who was subsequently proved to the court to have been before convicted. These two provisions being in existence, by chapter 425 of the Laws of 1901 (adding to Penal Code,

§ 687a), the provision in relation to indeterminate sentences to State prison was adopted. (Penal Law, § 2189.) It is provided by the Penal Law: "A person never before convicted of a crime punishable by imprisonment in a State prison, who is convicted in any court in this State of a felony other than murder, first or second degree, and sentenced to a State prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than one-half the longest period and the maximum shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted." The defendant would have been subject to this provision but for the fact that the court had adjudged that he had been before convicted of a crime punishable by imprisonment in a State prison. There is nothing in this provision that limits its application to a person convicted as a second offender, and, therefore, in determining the sentence the judge was to ascertain whether or not the person convicted had or had not been before convicted of a crime punishable by imprisonment in a State prison. If he determined that the prisoner had been before convicted of such a crime the provision as to an indeterminate sentence did not apply and the other sections of the Penal Law prescribing the sentence for persons convicted of the crime were applicable. The crime of burglary in the first degree is punishable by imprisonment for not less than ten years (Penal Law, § 407), and the defendant having been before convicted of a crime punishable by imprisonment in a prison, was subject to imprisonment for thirty years in a State prison, the sentence prescribed by the court below. (See Penal Law, § 2191.) In the case of a person who had committed a crime he could be indicted either as a first or second offender. If indicted as a second offender there must be proof before the jury of the first conviction (see Code Crim. Proc., § 514a) and

then the provisions of the Penal Law fixing the sentence of a second offender applied, or such a person could be indicted as a first offender and after conviction, if the court determined that he had been actually convicted of a crime, the court was required under section 1020 of the Penal Law and section 510 of the Code of Criminal Procedure to adjudge him an habitual criminal. In that case he would not be entitled to an indeterminate sentence provided for those who had never before been convicted of a crime. This conclusion seems to follow from the express provisions of the Penal Law and the Code of Criminal Procedure, to which attention has been called.

It follows that the court below properly sentenced the defendant to thirty years in State prison, and the judgment was, therefore, proper and should be affirmed.

LAUGHLIN, MILLER and DOWLING, JJ., concurred; McLAUGHLIN, J., dissented.

McLAUGHLIN, J. (dissenting):

The defendant was indicted for the crime of burglary in the first degree, and upon being arraigned he pleaded guilty. Upon his plea, judgment could be pronounced only for the crime charged. Burglary in the first degree is punishable by imprisonment in a State prison " for not less than ten years," and may be for life. (Penal Law, §§ 407, 2191.) The punishment here inflicted was imprisonment in a State prison " for the term of thirty years," and in addition the defendant was " adjudged an habitual criminal."

It is claimed that the court was authorized, in addition to inflicting the other punishment, to adjudge the defendant an habitual criminal under section 510 of the Code of Criminal Procedure, and section 1020 of the Penal Law, since it appeared that defendant had previously been convicted of grand larceny. There is no proof in the record of such previous conviction; but

in the brief presented by the learned district attorney a state-
ment is made to the effect that defendant, in answer to certain
questions put to him pursuant to the provisions of the statute
(Code Crim. Proc., § 485a) admitted it, and there is a state-
ment on the back of the indictment which reads as follows:
" Before convicted, 1908 General Sessions, Elmira Ref. G. L."

But assuming that the defendant did, in answer to certain
questions put to him after he had pleaded guilty to the crime
charged in the indictment, admit that he had previously been
convicted of a felony, such admission did not, in my opinion,
authorize the court to adjudge him an habitual criminal or to
impose any punishment other than that prescribed for burglary
in the first degree. Where it is sought to impose an increased
punishment upon a defendant by reason of previous conviction,
it is essential that the prior conviction be charged in the indict-
ment and proved upon the trial. It is a necessary fact to be
pleaded, since it constitutes a substantial part of the indict-
ment. (Wood v. People, 53 N. Y. 511; Johnson v. People, 55
id. 512; People v. Sickles, 156 id. 541; People ex rel. Cos-
griff v. Craig, 195 id. 193; People v. Bretton, 144 App. Div.
282.)

The defendant pleaded guilty to the crime charged in the in-
dictment, and upon this plea judgment could only be imposed
for the crime charged as and for a first offense. He could not
for a first offense be adjudicated an habitual criminal. Such
punishment could only be imposed when there had been a prior
conviction. In People v. Sickles (supra) it was held that the
prior conviction must not only be charged in the indictment,
but proved before the jury on the trial. Judge Gray, who de-
livered the opinion of the court, said: " I regard it as a neces-
sary and logical conclusion, where an increased punishment is
prescribed by the statute upon conviction for a second offense,
that the prior conviction enters as an ingredient into the crim-
inality of the prisoner. Not that the fact of the prior convic-

tion tends in anywise to prove the commission of the second offense, but that it aggravates the guilt of the prisoner, and as a hardened or unreformed criminal subjects him to an increased punishment for the repeated crime."

People v. Bretton (supra) is exactly in point. There the defendant was indicted for the crime of grand larceny in the second degree as a second offense. On being arraigned he pleaded not guilty, but subsequently withdrew this plea and entered a plea of guilty of grand larceny as a first offense. When he was arraigned for sentence it appeared from his answers to questions put to him that he had previously been convicted and sentenced to a State prison, and he was thereupon sentenced to imprisonment for life. It was held that the sentence was not justified, he having pleaded guilty to a crime for which a lesser sentence was provided.

I am of the opinion that the sentence here, in so far as it adjudged the defendant an habitual criminal, was not justified. The judgment, however, may be corrected. Section 543 of the Code of Criminal Procedure provides: " Upon hearing the appeal the appellate court may, in cases where an erroneous judgment has been entered upon a lawful verdict or finding of fact, correct the judgment to conform to the judgment (sic) or finding," and that is what should be done in this case. The defendant pleaded guilty to a distinct crime for which a penalty is prescribed, and the judgment should be corrected by striking therefrom so much of it as adjudges the defendant to be an habitual criminal.

Judgment affirmed.

30

# NOTE ON HABITUAL CRIMINALS AND SUCCESSIVE CRIMES.

POWERS OF COURTS.

Statutes providing for a greater punishment for those convicted of crime, who are shown to be habitual criminals, are highly penal, and should be strictly construed, and their application should not be extended to cases which do not come within their provisions by the strictest rules of construction. Ex parte Gutierrez, 45 Cal. 429.

Are intended to prevent the repetition of crimes by the same persons, by increasing the penalty upon habitual offenders. Ex parte Seymour, 14 Pick. (Mass.), 40.

Statutes governing same held constitutional, and not properly objected to on the ground that they are ex post facto laws. Sturtevant v. Commonwealth, 158 Mass. 598.

The provisions of the Penal Code (sec. 688), increasing the punishment where the offense charged is a second offense, apply to cases where the first offense was committed before said Code went into effect, and the first offense is not made an element of or included in the second, but is simply a fact in the past history of the criminal to be taken into consideration in prescribing punishment therefor; and is not limited in its application by the provision of said Code declaring that none of its provisions apply to any offense committed or an act done before it went into effect. People v. Raymond, 96 N. Y. 38.

Nor are they objectionable on the ground that they inflict a double punishment for the one offense. Kelly v. People, 115 Ill. 520.

Proof of the former conviction not incompetent because it tends to prove bad character; and that by proof of specific acts, these objections have no force where the evidence relates to the issues to be tried. Johnson v. People, 55 N. Y. 512.

Nor upon the ground that they inflict cruel and unusual punishments. State v. Hodgson, 66 Vt. 134.

Nor that thereby the defendant is placed twice in jeopardy for the same offense. Moore v. Missouri, 159 U. S. 673.

Nor because they impose a penalty on account of crimes committed beyond the jurisdiction of the court trying the offense of which defendant has been adjudged guilty. McDonald v. Commonwealth, 173 Mass. 322.

SECOND AND SUCCESSIVE OFFENSES—DEFINITIONS.

In Kentucky to authorize increased punishment on a third conviction for a felony, held that it need not be shown that the penalty should have been increased on the second conviction. Brown v. Commonwealth, 61 S. W. 4.

In Massachusetts the statute under certain circumstances imposes an additional punishment on one convicted of a crime punishable by hard labor for a term of years, and the additional punishment will not be inflicted on a third conviction where the offense is punishable only by imprisonment for a year, although defendant was twice before convicted and sentenced for a term of years. Ex parte White, 14 Pick. 90.

Contra, the additional punishment was imposed on a conviction of a second offense punishable by imprisonment for more than one year. Ex parte Stevens, 14 Pick. 94.

Punishment on a subsequent conviction cannot be increased because of a prior sentence, unless the prior offense was felony in itself and was not made so in the particular case by an earlier conviction. Stover v. Commonwealth, 92 Va. 780.

Where the statute, in referring to the conviction, specifies no time, convictions at one and the same term of the same court for distinct crimes, held to be two convictions within the meaning of the statute, as much as though they were at different terms or in different courts. id.


INDICTMENT.

Upon the trial of such an indictment no evidence was given of the discharge of the prisoner from imprisonment under the former conviction, either by pardon or expiration of sentence; the point was not raised upon the trial. Held not available upon appeal. Johnson v. People, 55 N. Y. 512.

The provision for an increased punishment upon conviction of an offense committed after a previous conviction of the offender, does not contemplate the postponement of the use of the prior conviction until the defendant has been found guilty of the offense charged; but, on the trial of an indictment charging a crime as a second offense, evidence of the prior conviction is properly introduced as part of the case against the defendant, under the present rules of criminal procedure in this State even though the defendant admits the fact of the prior conviction before the impaneling of the jury. People v. Sickles, 156 N. Y. 541.

The essential ingredients of the aggravated offense are that the alleged felony was committed after a former conviction of an offense punishable by imprisonment in a State prison and a discharge of the prisoner either upon being pardoned or upon the expiration of his sentence; the discharge in one of the ways mentioned in the statute is as material and necessary to constitute the offense as the prior conviction; the facts of the imprisonment upon the prior conviction and the manner of the discharge must therefore be alleged and proved. Wood v. People, 53 N. Y. 511.

A prior conviction, so as to be available in increasing punishment for a second offense, must be alleged in the indictment. People v. Price, 6 N. Y. Crim. 141.

The fact of a former conviction being part of the offense, to the extent that it aggravates it and increases the punishment, such fact must be set forth in the indictment. Gibson v. People, 5 Hun, 542.

But otherwise, see State v. Hudson, 32 La. Ann. 1052.

Because of the necessity of alleging the prior conviction the statute does not apply to increase the penalty in a sentence imposed under a second count of an indictment, where the accused was convicted on both the first and the second counts. Tuttle v. Commonwealth, 2 Gray (Mass.) 505.

The entire record of the previous trial and conviction need not be set forth, but the commission of a crime, its date, its nature, and the fact and date of conviction and sentence should be set out in the indictment. McGuire v. State, 47 Md. 485.

Only necessary that required facts should be set out with enough clearness so that the court may be able to decide whether the statute does or does not apply. Wilde v. Commonwealth, 2 Metc. (Mass.) 408.

BURDEN OF PROOF.

On the state to prove the prior conviction. Johnson v. People, 55 N. Y. 512.

An admission by the defendant that he had previously been convicted of a felony held not sufficient proof of such fact, where the statute requires the jury to find same from the record and other competent evidence. Rector v. Commonwealth, 4 Ky. L. Rep. 323.

Where a statute provides for increasing the punishment for a subsequent crime, after a conviction and a discharge from prison by reason of

the expiration of the term of imprisonment, or a pardon, it is necessary to prove the discharge as well as the conviction, and the expiration of the term of imprisonment or the pardon cannot be presumed from mere lapse of time. Wood v. People, 53 N. Y. 511.

Mere lapse of time will not authorize the presumption that the accused has been imprisoned and has been discharged in one of the ways specified in the statute, so as to cast the burden upon him of proving that he was not so discharged. Wood v. People, 53 N. Y. 511.

## SUFFICIENCY OF PROOF.

The identity of the accused with the person previously convicted must be proved by the State. People v. Price, 2 N. Y. Supp. 414.

Defendant's admission of his identity may be sufficient. Kane v. Commonwealth, 109 Pa. St. 541.

Identity of name is some evidence of identity of person, but whether it should constitute conclusive evidence depends on other circumstances. State v. Lashus, 79 Me. 504.

In most cases identity of name held not sufficient, and should be supplemented by other proof. Reg. v. Crofts, 9 C. & P. 219.

The identity of the accused with the person convicted on the first trial, is a question of fact for the jury on the second trial. State v. Freeman, 27 Vt. 523.

All the facts necessary to bring the case within the statute imposing a more severe penalty for a second offense, must be proved upon the trial and passed upon by the jury. Johnson v. People, 55 N. Y. 512.

On a trial of an indictment which alleges a prior conviction there must be proof of the identity of the accused as the defendant in the prior conviction. People v. Price, 6 N. Y. Crim. 141.

An indictment which alleges a prior conviction will be set aside if there was no testimony before the grand jury identifying the accused as the person previously convicted. People v. Price, 6 N. Y. Crim. 141.

Provision of Penal Code, sec. 688, not limited to cases where the second conviction is for an offense of the same character and grade as that which resulted in the first. People v. Raymond, 96 N. Y. 38.

Where a former statute is found dealing with habitual criminals although not under that precise title, and declaring them under certain conditions disorderly persons, the legislature intended to cover the ground of such statute when, under the new enactment, it declared habitual criminals to be disorderly persons under substantially similar conditions. People ex rel. Sloan v. Fallon, 13 N. Y. Crim. 429; Commonwealth v. Phillips, 11 Pick. (Mass.) 28.

A statute which imposes an increased penalty on a second conviction, held not to apply where the first conviction was in another state. People v. Caesar, 1 Park. Crim. 645.

Statute which authorizes increased penalties for subsequent offenses therein specifically set forth, held not to require that the second offense shall be a repetition of the identical crime of which the defendant was convicted, but to refer to any of those crimes so specifically set forth. Kelly v. People, 115 Ill. 583.

Held that a crime is no less a similar crime to one previously committed because of the fact that the penalties provided for the two, crimes are different. Commonwealth v. Marchand, 155 Mass. 8.

Murder and assault with intent to kill are not offenses of the same nature, under a statute increasing the punishment for a second offense of the same nature as a prior offense. Long v. State, 36 Tex. 6.


CONVICTION OF PRECEDENT CRIME.

Statutes providing for increased punishment on conviction for second or subsequent offense, held not to apply unless the crime for the commission of which the defendant is being tried, shall have been committed, not only after the commission of the former crime, but also after the conviction therefor. People v. Butler, 3 Cow. 347.

But contra, see State v. Dale, 110 Iowa, 215.


EFFECT OF PARDON FOR PRIOR OFFENSE.

Increased punishment upon a subsequent conviction can nevertheless be inflicted, though the defendant had received a pardon after conviction for the first offense. Herndon v. Commonwealth, 105 Ky. 197.

But contra, see State v. Martin, 59 Ohio St. 212.

A discharge from a State prison in consequence of a pardon is a discharge in due course of law, rendering the convict liable to an additional sentence if recommitted under a subsequent conviction and sentence, for another crime. Evans v. Commonwealth, 3 Metc. (Mass.) 453.

## EFFECT OF INVALIDITY OF PRIOR CONVICTION.

Unless the court in which the prior conviction was had had no jurisdiction in the matter, the fact that such prior conviction was erroneous will not prevent the operation of the statute as to a subsequent conviction. Wilde v. Commonwealth, 2 Metc. (Mass.) 408.

On an allegation of three prior convictions, a sentence of additional punishment is valid, if only two of them were valid, where two convictions are necessary under the statute. Newton v. Commonwealth, 8 Metc. (Mass.) 535.

The validity of the former sentence cannot be questioned on a third conviction, but a judgment of additional punishment will be reversed where prior judgment on which additional punishment were based have also been reversed. Hopkins v. Commonwealth, 3 Metc. (Mass.) 460.

A judgment on a confession is a conviction within the statute imposing a heavier penalty upon conviction for a second offense. People v. Adams, 95 Mich. 541.

## EVIDENCE.

Where a distinct crime is not charged in the indictment as being a prior offense, it cannot be proved in aggravation of the statutory penalty. Ingram v. State, 39 Ala. 247.

Certificate of the warden of the prison where defendant was confined, as to his discharge therefrom, is held sufficient and proper evidence to show such discharge. State v. Austin, 130 Mo. 538.

Judgment in previous proceedings best evidence of conviction therein. Bullard v. State, 40 Tex. Crim. 270.

The original complaint, with the plea of guilty indorsed thereon, and a statement that defendant was fined thereunder, held competent evidence of former conviction. State v. Cox, 69 N. H. 246.

The record of the former conviction held inadmissible unless the indictment be produced. Cross v. State, 78 Ala. 430.

## DEFENDANT'S PLEA.

A plea of guilty to an indictment which charges a prior conviction, held a confession thereof. People v. Delany, 49 Cal. 394.

And a plea of not guilty puts the facts of the alleged prior conviction in issue. Hines v. State, 26 Ga. 614.

But contra, Thomas v. Commonwealth, 22 Gratt. (Va.) 912.

A plea of not guilty, with a confession of a former conviction, justifies a general verdict that the defendant is guilty as charged in the indictment, and it is not necessary that the jury make a special finding as to the former conviction. People v. Brooks, 65 Cal. 295.

If the accused refuses to plead to an allegation of former conviction, the court may enter a plea in his behalf. People v. Youngs, 1 Cai. 37.

## TRIAL.

In the absence of a statute prescribing when the proof of a former conviction may be made, it may be proved upon the trial and before the conviction of the second offense; this does not deprive the accused of the presumption of innocence. People v. Sickles, 156 N. Y. 541.

Nor does it permit him to give evidence of his efforts at reformation since the former conviction was had. People v. Thompson, 33 App. Div. 177, 13 N. Y. Crim. 273.

Customary to determine the issue of prior conviction after the general verdict and by a special jury. State v. Freeman, 27 Vt. 523.

Where statute provides that proof of prior conviction must be made upon the trial, it must be offered before the rendition of the verdict. State v. Spaulding, 61 Vt. 505.

## VERDICT.

Where plea of not guilty is made, jury should find specifically on the issue of former conviction. Sweeny v. Commonwealth, 39 S. W. 22.

A verdict of guilty on both counts is proper where one count charges petit larceny and the other its commission after a conviction for a like offense. Stroup v. Commonwealth, 1 Roberts (Va.) 754.

A verdict of guilty as charged will be treated as an acquittal of the charge of a prior conviction. People v. Eppinger, 109 Cal. 294.

If the court instructs the jury that if they find defendant has been previously convicted they may assess the additional punishment, a general verdict is not only proper but is the only verdict they can render; and their finding the defendant guilty as charged and affixing the additional punishment is a finding of a former conviction. Herndon v. Commonwealth, 105 Ky. 197.

A statement in the judgment roll that defendant confesses the prior conviction held sufficient in the absence of a specific requirement as to how the answer of the defendant admitting the subsequent conviction shall be framed under California Penal Code. People v. McNeill, 118 Cal. 388.

Additional punishment must be included in the sentence passed upon the accused for the second offense, and where the indictment charges the former conviction, cannot be inflicted upon him in subsequent proceedings. Plumley v. Commonwealth, 2 Metc. (Mass.) 413.

If it is not discovered that the accused is an ex-convict until he is received in the State prison, an information may be filed and the additional punishment awarded thereon, though it is still, with his former sentence, but one punishment for one offense. Bump v. Commonwealth, 8 Metc. (Mass.) 533.

Where subsequent to the conviction the prosecuting officer has to file an information to secure the additional punishment, it must be filed before the term of the convict's imprisonment has expired, and in reckoning the term, it is presumed to commence with the day of his commitment. Commonwealth v. Keniston, 5 Pick. (Mass.) 420.

Where one was convicted of several larcenies, it was not required by the Massachusetts statute that the court should adjudge him to be a common and notorious thief. Rice v. Commonwealth, 12 Metc. (Mass.) 246.

If the character of the subsequent crime is such that on a first conviction the accused might have been, in the discretion of the court, punished by imprisonment for life, the life penalty is not discretionary on a second conviction but imperative under the statute providing for increased punishment on conviction of a second offense. People v. Raymond, 96 N. Y. 38.

A judgment is not invalidated by the fact that the punishment imposed is only for the crime charged as a first offense, although the indictment

charges a prior conviction and punishment, and a statute permits an additional punishment on these facts being shown. Phillips v. Commonwealth, 3 Metc. (Mass.) 588.

Under a statute punishing one on a third conviction as an habitual criminal defendant cannot be sentenced to a longer term of imprisonment than that prescribed by the statute. Shepard v. Commonwealth, 2 Metc. (Mass.) 419.

And it is not necessary that an interval of liberty should intervene between the first and second term under a statute prescribing punishment for a third conviction as an habitual criminal. Commonwealth v. Richardson, 175 Mass. 202.