THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY G. AMANN, Defendant.

County Court, Queens County, December 21, 1936.

*Charles P. Sullivan, District Attorney [Harry I. Huber, Assistant District Attorney],* for the plaintiff.

*Saul Moskoff,* for the defendant.

COLDEN, J.  On January 21, 1936, the defendant was indicted for the crime of grand larceny in the first degree, alleged to have been committed seven years prior thereto; that is to say, on or about April 8, 1929.  On May 18, 1936, the defendant pleaded guilty as indicted.  On May 22, 1936, the defendant pleaded guilty to the information charging him with being a second offender, and upon such plea was sentenced to prison for a term of not less than ten years nor more than twenty years in accordance with the provisions of section 1941 of the Penal Law.  On March 6, 1936, by chapter 70

of the Laws of 1936 (§ 1), and on April 9, 1936, by chapter 328 of the Laws of 1936 (§ 6), section 1941 of the Penal Law was amended so as to change the penalty from a determinate to an indeterminate sentence, and defendant was so sentenced. The defendant now urges that this was error and that the defendant should have been sentenced in accordance with the provisions of the law as it existed on April 8, 1929.

In an opinion addressed to the Honorable Edward Mulrooney, Commissioner of Corrections of the State of New York, the Attorney-General of this State said:

" I am in receipt of your letter of March 25, 1936, in which you ask whether the provisions of section 1941 of the Penal Law, as amended by chapter 70 of the Laws of 1936, should be followed in sentencing defendants for crimes committed prior to the effective date of said Chapter.

" The section, as amended, provides for punishment for a felony committed after previous conviction for felony as therein specified. The date of the commission of the previous felony or felonies is immaterial inasmuch as no punishment is being imposed for such crimes, but on the other hand, increased punishment is being imposed upon the subsequent conviction by reason of such previous criminality.

" With reference to said subsequent conviction, the section relates to the commission of the crime and its provisions clearly contemplate only crimes committed after effective date thereof. Such a construction is in accordance with the general rules against retrospective operation of statutes and cannot possibly be said to be *ex post facto*.

" The amendatory act became a law March 6, 1936. It is, therefore, my opinion that a defendant who, prior to that date, committed the crime for which punishment is being imposed should be sentenced in accordance with the law as it existed at the date of said crime and that the provisions of the section, as amended, should only be applied to those who commit crimes after such date." (Opinions of Attorney-General, 1936, p. 313.)

I believe that the Attorney-General has correctly stated the rule to be applied in cases of this character, and I accordingly grant the application of the defendant that the sentence heretofore imposed be vacated and that the defendant be returned to this court for sentence in accordance with the law as it existed at the time he committed the crime charged. Submit order.