CLEOFE TORRES FIGUEROA, Petitioner and Appellant, *v.* FÉLIX RIVERA, WARDEN OF THE PENITENTIARY OF PUERTO RICO, Respondent.

No. 9959. Argued November 7, 1949.—Decided November 28, 1949.

*Benjamín Rodríguez Ramón* and *Santos P. Amadeo* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for respondent.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Appellant is serving sentence in the penitentiary for five subsequent offenses of burglary. Alleging that said judgments are void, he filed in the lower court a writ of habeas corpus which was denied. He bases the present appeal on the fact that in order that a judgment for a subsequent offense may be entered, it is necessary that the prior conviction be for the same offense or similar to the one subsequently committed; and that in the case at bar the previous offense was an attempted crime against nature which is not the same nor similar to those of burglary for which he was subsequently convicted.

Appellant's proposition is untenable. If we examine § 56 of the Penal Code [1] which is controlling of the question raised in the present case, we shall readily see that it is not neces-

---

[1] Section 56 of the Penal Code provides:

"Section 56.—Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary commits any crime after such conviction, is punishable therefor as follows:.

"1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the penitentiary, for any term exceeding five years, such person is punishable by imprisonment in the penitentiary not less than ten years.

"2. If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary not exceeding ten years.

"3. If the subsequent conviction is for petit larceny, or any attempt to commit an offense which if committed, would be punishable by imprisonment in the penitentiary not exceeding five years, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary not exceeding five years."

sary that the previous and the subsequent offense be identical or of the same nature. This question was decided in *People* v. *Ruiz*, 60 P.R.R. 149.

*People* v. *Toro*, 32 P.R.R. 737, invoked by appellant, is not in point. In that case a second offense of adulteration of milk was involved, with respect to which the special statute on this subject, in its pertinent part, provides:

"*Provided,* that the person found guilty a second time of adulterating, diluting, selling, offering or keeping adulterated milk for sale shall be punished by imprisonment for a term of from six months to one year, and his license shall be revoked."

The Annotations in 58 A.L.R. 30; 82 A.L.R. 354; 116 A.L.R. 216, and 139 A.L.R. 676, invoked by the appellant shed no light whatever on this appeal, except so far as they summarize cases wherein the statute construed is identical with or substantially the same as ours, and in those cases the statute has been given the same construction we have given to § 56 of the Penal Code. See also, *People* v. *Raymond*, 96 N.Y. 38 (1884) summarized in 58 A.L.R. 32; *State* v. *Smith*, 273 Pac. 323 (Or. 1929) summarized in 82 A.L.R. 355; *Ellis* v. *State*, 115 S. W. (2) 660 (Tex. 1938) summarized in 116 A.L.R. 216, and *Stout* v. *State*, 155 S.W. (2) 374 (Tex. 1941) summarized in 139 A.L.R. 676. .

The remaining questions raised by the appellant so obviously lack merit that we shall not discuss them.

The judgment appealed from will be affirmed.