Thomas Dickens, J.
Defendant’s coram nobis application, being an attack upon the validity of his sentence as a fourth felony offender, will be treated herein as one for resentence.
According to the record, on December 18, 1951, when defendant was sentenced as a fourth offender, the sentencing court included in the multiple punishment a prior sentence for a felony imposed upon defendant on February 10, 1925.
*759 Defendant now maintains that, inasmuch as the prior sentence had preceded the enactment of sections 1941 and 1942 of the Penal Law, as amended by chapter 457 of the Laws of 1926, commonly known as the Baumes Law, it should not have been considered in the calculation of his status as a multiple offender.
He urges that, with respect to the prior sentence in question, section 1942, the particular provision involved here, is ex post facto, and therefore, its inclusion in the formula of punishment is a violation of his constitutional rights. In effect, then, his claim is that he is no more than a third felony offender.
With this view, the courts do not, however, seem to agree.
In People v. Raymond (96 N. Y. 38) the subject concerned therein was also a multiple offense statute. After observing that increased punishment for a subsequent offense applied to cases where the first offense had been committed before such statute went into effect, the court remarked (pp. 39-40: “ The first offense was not an element of or included in the second, and so subjected to added punishment, but is simply a fact in the past history of the criminal, which the law takes into consideration when prescribing punishment for the second offense. That only is punished.” (Italics supplied.)
Apropos, too, is the language of the court in People v. Amann (162 Misc. 248) dealing with a like subject. Quoting from an opinion by the then Attorney-General, the court wrote (p. 249): ‘ ‘ ‘ The date of the commission of the previous felony or felonies is immaterial inasmuch as no punishment is being imposed for such crimes, but on the other hand, increased punishment is being imposed upon the subsequent conviction by reason of such previous criminality. With reference to said subsequent conviction, the section relates to the commission of the crime and its provisions clearly contemplate only crimes committed after effective date thereof. Such a construction is in accordance with the general rules against retrospective operation of statutes and cannot possibly be said to be ex post facto.’ ” (Italics supplied.) (See, also, People ex rel. Prisament v. Brophy, 287 N. Y. 132; People ex rel. Carollo v. Brophy, 294 N. Y. 540, 544; People v. Gennaro, 261 App. Div. 533; McDonald v. Massachusetts, 180 U. S. 311, 312.)
The doctrine of ex post facto, as applied to a statute changing a penalty for a committed crime, looks to the standard of punishment rather than to the sentence actually imposed. (People ex rel. Horowits v. Lawes, 168 Misc. 772.) Only when a law changes punishment and inflicts a greater punishment than was annexed to the crime when committed, is it ex post facto. (People ex rel. Taylor v. Jennings, 134 Misc. 586.)
*760 The upshot of this review of the pertinent principles leaves no alternative but to deny the motion.
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.